**Gus POLITES, Appellant,**

v.

**Walter SAHLI, District Director of Immigration and Naturalization at Detroit, Michigan, Appellee.**

**No. 14708.**

United States Court of Appeals
Sixth Circuit.

May 7, 1962.

George W. Crockett, Jr., of Goodman, Crockett, Eden, Robb & Philo, Detroit, Mich., argued by and on the brief for appellant.

Argued by Charles Gordon, Regional Counsel, Immigration and Naturalization Service, St. Paul, Minn.

Charles Gordon, St. Paul, Minn., Lawrence Gubow, U. S. Atty., Jay Nolan, Asst. U. S. Atty., Detroit, Mich., on the brief, for appellee.

Before MILLER, Chief Judge, CECIL, Circuit Judge, and STARR, Senior District Judge.

CECIL, Circuit Judge.

The review proceedings, upon which this appeal is based, was commenced in the United States District Court for the Eastern District of Michigan, Southern Division, on January 22, 1958, to challenge an order of deportation of appellant, Gus Polites, to Greece. The District Judge dismissed the plaintiff-appellant's complaint May 3, 1961, on motion for summary judgment. The plaintiff appeals from this judgment of dismissal.

The history of the appellant and the legal actions in which he has become involved to avoid deportation to his native Greece is interesting and may be summarized, as follows. Gus Polites was born in Greece and came to this country at the age of seventeen. He entered the United States on September 20, 1916 at Boston, Massachusetts. On April 6, 1942, he was naturalized and became a citizen of the United States. The District Court by a judgment of August 20, 1953, cancelled his citizenship on the ground that his naturalization had been illegally and fraudulently procured by reason of his failure to disclose, at the time of his naturalization, that he had been a member of the Communist Party.

The appellee, District Director of Immigration and Naturalization at Detroit, caused the arrest of the appellant on January 27, 1955, for the purpose of initiating deportation proceedings, on the ground that he was an alien who, after his last entry into the United States, had been a member of the Communist Party of the United States. (Section 1251(a) (6), (C), Title 8 U.S.C.A.)

After hearing on September 8, 1955, by the Immigration Service, an order was entered for the deportation of the appellant. (Section 1251(a) (6), Title 8 U.S.C.A.) The appellant's appeal to the Board of Immigration Appeals was dismissed January 6, 1956. A stay of deportation was then requested on June 21, 1956, under section 1253(h), Title 8 U.S. C.A., for the reason that the appellant was in fear of physical persecution, on political grounds, if he were returned to his native Greece. After hearing, this request was denied on May 6, 1957, in an opinion and order of the Special Inquiry Officer. This decision was approved by the Acting Regional Commissioner.

The review proceeding from which this appeal stems was then brought in the District Court. During the pendency of this action, the appellant sought unsuccessfully to have the judgment of denaturalization vacated under Rule 60(b) of the F.R.Civ.P., 28 U.S.C.A. Polites v. United States, D.C., 24 F.R.D. 401, 272 F.2d 709, C.A. 6, 364 U.S. 426, 81 S.Ct. 202, 5 L.Ed.2d 173. The review proceedings in the District Court were held in abeyance during the pendency of the litigation to vacate the denaturalization judgment.

The appellee moved for summary judgment and at the hearing on this motion the District Judge permitted an amendment to the complaint. By the amendment it was claimed that subsequent to the order of deportation of November 15, 1955, the appellant had become afflicted with a heart condition, which was medically described as "Hypertensive Arteriosclerotic heart disease with Anginal Syndrome and diffuse left ventricular myocardial damage." Dr. Shafarman, the appellant's personal physician, in a report dated March 17, 1961, indicated that symptoms of this disease had developed three years prior thereto.

The trial judge granted the motion for summary judgment on May 3, 1961, but

declined to rule on the issue presented by the amended complaint. The appellant petitioned the Immigration and Naturalization Service for a stay for the reason stated in the amended complaint. (8 C.F.R. 243.3(b) (1).) This petition was denied on May 19, 1961. By stipulation of the parties, the ruling of the appellee, upon this petition, is now before this Court for review. Sec. 1105a, Title 8 U.S.C.A.

Counsel for the appellant presents two questions for determination on this appeal. 1. Section 1251(a) (6), (C), Title 8 U.S.C.A. is unconstitutional. 2. The Immigration Service abused its discretion in denying the appellant's request for a stay of deportation based upon his physical condition.

■ It is conceded by counsel that the forerunner of the statute in question has been upheld by the Supreme Court. Galvan v. Press, 347 U.S. 522, 74 S.Ct. 737, 98 L.Ed. 911; Harisiades v. Shaughnessy, 342 U.S. 580, 72 S.Ct. 512, 96 L.Ed. 586.

The hearing officer of the Immigration and Naturalization Service had before him results of medical examinations of Dr. Eugene M. Shafarman, Dr. Thomas M. Batchelor, and Dr. M. Neil Rogers of the United States Public Health Service.

Counsel for appellant now seeks to belittle and discredit the ability of Dr. Rogers. There is no authority for this view other than the apparent assumption that a doctor of the United States Public Health Service would be lacking in qualifications. In an affidavit filed in this Court for the purpose of this hearing, Dr. Shafarman says that the condition of the appellant remains the same as it was at the time of his report in March of 1961. It has neither deteriorated nor improved. The doctor further states that the emotional strain of being separated from his family and traveling to Greece may adversely affect his cardiac condition and might well prove fatal. Dr. Rogers "found that appellant is able to travel without danger to life; that special care may be required enroute, since appellant may continue to need nitroglycerin for his angina." Appellee's Br. p. 13.

Section 1253(f), Title 8 U.S.C.A. provides that the Attorney General shall, when the physical condition of the deportee requires, send a suitable person to accompany him to his destination.

The application for stay of deportation now before the Court is not made under either of the statutes provided by Congress for that purpose. (Sections 1254 and 1253(h), Title 8 U.S.C.A.) It is made under an administrative regulation (8 C.F.R. 243.3(b) (1)), which provides, "the district director * * * may, in the exercise of his discretion, and for good cause shown, stay the execution of a warrant and order of deportation for such time and under such conditions as he may deem appropriate."

■ Even though this Court may review an order issued under the exercise of administrative discretion, which is doubtful, such review would be as limited in scope as it is under the statutory sections above cited. Ferreira v. Shaughnessy, 241 F.2d 617, 618, C.A. 2.

■ The Court cannot substitute its judgment for that of the administrative officer. His order will not be set aside except on the clearest showing of abuse. A stay of deportation under the regulation, as is the case of suspension under the above cited statutes, is a matter of grace and not of right. Jay v. Boyd, 351 U.S. 345, 76 S.Ct. 919, 100 L.Ed. 1242; Hintopoulos, United States ex rel., v. Shaughnessy, 353 U.S. 72, 77, 77 S.Ct. 618, 1 L.Ed.2d 652; United States ex rel. Cavallaro v. Lehmann, 264 F.2d 237, 238, C.A. 6; United States ex rel. Kaloudis v. Shaughnessy, 180 F.2d 489, 491, C.A. 2.

■ We find no abuse of discretion on the part of the administrative officer or any action on his part that could be characterized as arbitrary or capricious.

The judgment of the District Court and the order of the administrative officer denying the stay of deportation are affirmed.