**Vicko GLAVIC, Appellant,**

v.

**Charles J. BEECHIE, District Director, et al., Appellees.**

**No. 21342.**

United States Court of Appeals Fifth Circuit.

Dec. 18, 1964.

1.  29 U.S.C. § 201 et seq. as amended.

Sam Williamson, Houston, Elmo Schwab, Barker, Barker & Coltzer, Galveston, Tex. for appellant.

James R. Gough, Asst. U. S. Atty., Woodrow Seals, U. S. Atty., Morton L. Susman, Asst. U. S. Atty., Houston, Tex., for appellees.

Before HUTCHESON, WISDOM and GEWIN, Circuit Judges.

PER CURIAM:

This is an appeal from an opinion and order denying relief under a petition for habeas corpus filed by appellant in the United States District Court for the Southern District of Texas. This opinion, which carefully and correctly states the facts and discusses and decides the questions of law presented for decision there, is reported as Glavic v. Beechie, at 225 F.Supp. pages 24 et seq., and we approve and affirm the findings, conclusions, decision and judgment of the District Court.

In addition to the two questions presented for decision and decided below by the district judge,[1] appellant seeks to present as a third question here:

"Whether the fact, if it be a fact, that the apportionment of members of the House of Representatives of the Eighty-Second Congress was in the case of certain states constitutionally defective had the effect of nullifying legislation enacted by that Congress."

This question, which was not in any manner presented for determination or decision in the District Court, is not on the record before us presented for decision, and we do not consider it.

The judgment is affirmed.

WISDOM, Circuit Judge (concurring):

I concur in the result reached by the Court and in that portion of the Court's opinion relating to the first two questions the appellant presented for decision. However, I would decide the third question. I would hold that malapportionment of a part of the House of Representatives of the 87th Congress does not have the effect of nullifying legislation enacted by a Congress that is otherwise both a de facto and de jure legislative body. Texas v. White, 1869, 7 Wall. 700, 74 U.S. 700, 19 L.Ed. 227.

Failure of this Court to consider the appellant's third contention will not cause the Halls of Justice to fall or even to shake a little bit. There is just not enough merit to the argument. At stake, however, is an important principle. Judge Hutcheson, for the court, put it in these words:

"[W]here, as here, the case below was tried, not upon any misapprehension of the facts, but upon a misapprehension of the effect of those facts in law, appellant may not be prevented from pressing here for the application, to the proven facts, of the correct principles of law. Especially may it not be where, as here, these principles seem to have undergone a change, or at least, to have been differently stated and applied since the trial of the case below. To hold otherwise would be contrary, we think, to the plainest principles of justice." Associated Indemnity Corporation v. Scott, 5 Cir. 1939, 103 F.2d 203, 209.

See also Commissioner v. Chase Manhattan, 5 Cir. 1958, 259 F.2d 231, 239.

---

1. 1. Whether the procedure here followed was proper under the Immigration and Nationality Act, and under the administrative regulations promulgated pursuant to the Act.

2. Whether the procedure, if in accord with the Act and regulations pursuant thereto, accords the appellant due process of law within the meaning of the Fifth Amendment to the Constitution of the United States.

And, be it remembered, the first bomb to score a direct hit on Swift v. Tyson, 16 Pet. 1, 10 L.Ed. 865 was dropped during oral argument before the Supreme Court in Erie v. Tompkins, 304 U.S. 64, 58 S.Ct. 817, 82 L.Ed. 1188.

I would allow either party on appeal to advance a new theory or to change his theory of the case—if: (1) all the relevant evidence is before the Court, (2) the opposing party has had adequate time to brief the point, and (3) the opposing party is not prejudicial by not having introduced evidence below that would have militated against the validity or effect of the new theory. The first and greatest of the rules is that we are a Court "to secure the just * * determination of every action." F.R. Civ.P. 1.