**Maria Teresa MELONE, Colombo Melone, and Vivalda Melone, Petitioners,**

**v.**

**IMMIGRATION AND NATURALIZATION SERVICE, Respondent.**

**No. 15047.**

United States Court of Appeals
Seventh Circuit.

Jan. 5, 1966.

Allen J. Fagel, Chicago, Ill., for petitioner.

Edward V. Hanrahan, U. S. Atty., John Peter Lulinski, John Powers Crowley, Lawrence Jay Weiner, Asst. U. S. Attys., Chicago, Ill., for respondent.

Before HASTINGS, Chief Judge, and SWYGERT and MAJOR, Circuit Judges.

SWYGERT, Circuit Judge.

Colombo Melone and his wife, Vivalda Melone, seek review of the denial of an application for a stay of deportation.[1]

Petitioners are natives and citizens of Italy and were admitted to the United States in June, 1962 as nonimmigrant visitors for pleasure and authorized to remain until April 13, 1963. In September, 1962 petitioners sought by means of a private congressional bill to be classified as permanent residents of the United States. Thereafter, the Immigration and Naturalization Service issued an order to show cause why petitioners should not be deported, and a hearing was conducted. Petitioners admitted that they were subject to deportation, but stated that they wished to remain in this country temporarily because Colombo Melone's brother, Christ Melone, who was adjudged mentally incompetent in 1959, is presently confined in the Elgin (Illinois) State Hospital.

In December, 1962 the Immigration and Naturalization Service granted the petitioners the privilege of voluntary departure under terms to be prescribed by the district director, but failing voluntary departure ordered them deported from the United States to Italy. Petitioners waived appeal to the Board of Immigration Appeals.

On July 27, 1964 petitioners were notified that Congress had taken adverse action on the legislation introduced in their behalf and were ordered to depart from the United States by August 27, 1964. Petitioners did not obey the order. Thereafter, a warrant of deportation issued and petitioners were ordered to report for deportation on October 27, 1964. An administrative stay was granted until January 2, 1965 and subsequently extended until February 1, 1965. Again failing to obey the order, petitioners were ordered to depart on February 19, 1965. On that day they filed an application for stay of deportation, in which they said that the reason for the request was so they could remain to visit Christ Melone and care for him in the event that he was released. The application was denied. Petitioners then filed the present petition for review.

The Government contends that an application for a stay of deportation is not within the statutory ambit of section 106(a) of the Immigration and Nationality Act, 8 U.S.C. § 1105a(a) and questions the jurisdiction of a court of appeals to review the denial of a stay. We do not agree. We perceive no significant difference in the present situation from that presented in Skiftos v. Immigration & Naturalization Service, 332 F.2d 203 (7th Cir. 1964). There an alien was found deportable after a hearing and was granted voluntary departure. Thereafter, his employer requested a visa. The visa was denied and a review was sought in this court under section 106(a). We rejected the Government's objection to our jurisdiction of the petition for review, citing our earlier holding in Roumeliotis v. Immigration & Naturalization Service, 304 F.2d 453 (7th Cir.), cert. denied, 371 U.S. 921, 83 S.Ct. 288, 9 L.Ed.2d 230 (1962). We said that we found nothing in the subsequent Supreme Court decision in Foti v. Immigration & Naturalization Service, 375 U.S. 217, 84

---

1. Maria Teresa Melone, petitioners' daughter, is not involved in this deportation proceeding.

S.Ct. 306, 11 L.Ed.2d 281 (1963), that required a modification of our holding in Roumeliotis. The more recent Supreme Court action in Giova v. Rosenberg, 379 U.S. 18, 85 S.Ct. 156, 13 L.Ed. 2d 90 (1964), fortifies our conclusion. There the Court reversed a Ninth Circuit decision that a court of appeals has no jurisdiction under section 106(a) to review a denial of a motion to reopen a deportation proceeding.

Turning to merits of the petition, we hold that the district director did not abuse his discretion in denying the application for a stay of deportation.

The petition for review is denied.