**SUI FUNG LUK, Petitioner,**

v.

**George K. ROSENBERG, District Director, Immigration and Naturalization Service, Respondent.**

**Civ. No. 67–621.**

United States District Court
Central District California.

June 22, 1967.

Amended Order Aug. 23, 1967.

Kwan, Cohen & Lum, Los Angeles, Cal., for petitioner.

Wm. Matthew Byrne, Jr., U. S. Atty., Frederick M. Brosio, Jr., Asst. U. S. Atty., Chief Civil Division and Carolyn M. Reynolds, Asst. U. S. Atty., Los Angeles, Cal., for respondent.

## DECISION, FINDINGS OF FACT, CONCLUSIONS OF LAW, ORDER and STIPULATED AMENDED ORDER

HAUK, District Judge.

### FACTS

Petitioner, a native and citizen of China, arrived in the United States as a member of the crew of the SS "Pacific Leader" on June 30, 1962, at the port of New York from Manila, Philippine Islands. The Immigrant Inspector found him not eligible for a conditional permit to land under 8 U.S.C. § 1282 [1] and paroled him under 8 U.S.C. § 1182(d) (5)[2] until July 29, 1962, or the date his vessel sailed foreign, whichever first occurred.

The petitioner failed to depart on the vessel and was not located by the Immigration and Naturalization Service until April 1965 when he was found in Los Angeles, California working as a chef. His parole was terminated and in accordance with 8 CFR 212.5(a) he was restored to the status which he had at the time of parole—an alien crewman applying for admission to the United States—

[1]. "Sec. 1282(a) No alien crewman shall be permitted to land temporarily in the United States except as provided in this section and sections 1182(d) (3), (5) and 1283 of this title. If an immigration officer finds upon examination that an alien crewman is a nonimmigrant under paragraph (15) (D) of section 1101(a) of this title and is otherwise admissible and has agreed to accept such a permit, he may, in his discretion, grant the crewman a conditional permit to land temporarily pursuant to regulations prescribed by the Attorney General, subject to revocation in subsequent proceedings as provided in subsection (b) of this section, and for a period of time, in any event, not to exceed—."

[2]. "Sec. 1182(d) (5) The Attorney General may in his discretion parole into the United States temporarily under such conditions as he may prescribe for emergent reasons or for reasons deemed strictly in the public interest any alien applying for admission to the United States, but such parole of such alien shall not be regarded as an admission of the alien and when the purposes of such parole shall, in the opinion of the Attorney General, have been served the alien shall forthwith return or be returned to the custody from which he was paroled and thereafter his case shall continue to be dealt with in the same manner as that of any other applicant for admission to the United States."

and further inspection conducted under 8 U.S.C. § 1225.[3]

Upon this further immigration inspection, petitioner was held to be inadmissible to the United States under 8 U.S.C. § 1182(a) (20)[4] as a crewman seeking admission as an immigrant not in possession of the required immigrant visa. The transportation company on whose vessel petitioner was brought to the United States was notified on April 20, 1965, of its obligation to detain and deport the petitioner from the United States under 8 U.S.C. § 1284.[5] Pending arrangements for the petitioner's removal from the United States by the transportation company, he was again paroled on April 22, 1965, upon the posting of a $1500.00 bond for the release of an alien under exclusion proceedings pursuant to 8 U.S.C. § 1182(d) (5).[6]

On August 10, 1965, the petitioner was notified that the parole of April 22, 1965 was revoked and that since an appearance bond had been posted in his behalf that he would have to appear when notified to do so by the Immigration and Naturalization Service.

The transportation line on whose vessel the petitioner was brought to the United States having completed arrangements for the deportation of the petitioner from the United States in accordance with 8 U.S.C. § 1284,[7] the bonding company was notified on April 21, 1967 to produce the petitioner for deportation on May 1, 1967. A copy of this notice was sent to petitioner and his attorney.

On April 27, 1967, petitioner filed an Application for Stay of Deportation on the ground that he desired to remain in the United States while a petition filed by his employer seeking sixth preference classification in the petitioner's behalf was being adjudicated and on the further

3. "Sec. 1225(a) The inspection, other than the physical and mental examination, of aliens (including alien crewmen) seeking admission or readmission to or the privilege of passing through the United States shall be conducted by immigration officers, except as otherwise provided in regard to special inquiry officers. All aliens arriving at ports of the United States shall be examined by one or more immigration officers at the discretion of the Attorney General and under such regulations as he may prescribe. * * *"

4. "Sec. 1182(a) Except as otherwise provided in this chapter, the following classes of aliens shall be ineligible to receive visas and shall be excluded from admission into the United States: * * * (20) Except as otherwise specifically provided in this chapter, any immigrant who at the time of application for admission is not in possession of a valid unexpired immigrant visa, reentry permit, border crossing identification card, or other valid entry document required by this chapter, and a valid unexpired passport, or other suitable travel document, or document of identity and nationality, if such document is required under the regulations issued by the Attorney General pursuant to section 1181(e) of this title;"

5. "Sec. 1284(a) The owner, agent, consignee, charterer, master, or command officer of any vessel or aircraft arriving in the United States from any place outside thereof who fails (1) to detain on board the vessel, or in the case of an aircraft to detain at a place specified by an immigration officer at the expense of the airline, any alien crewman employed thereon until an immigration officer has completely inspected such alien crewman, including a physical examination by the medical examiner, or (2) to detain any alien crewman on board the vessel, or in the case of an aircraft at a place specified by an immigration officer at the expense of the airline, after such inspection unless a conditional permit to land temporarily has been granted such alien crewman under section 1282 of this title or unless an alien crewman has been permitted to land temporarily under section 1182(d) (5) or 1283 of this title for medical or hospital treatment, or (3) to deport such alien crewman if required to do so by an immigration officer, whether such deportation requirement is imposed before or after the crewman is permitted to land temporarily under sections 1182(d) (5), 1282, or 1283 of this title, shall pay to the collector of customs of the customs district in which the port of arrival is located or in which the failure to comply with the orders of the officer occurs the sum of $1,000 for each alien crewman in respect to whom any such failure occurs. * * *"

6. See footnote 2 supra.

7. See footnote 5 supra.

ground that if such petition were approved, the petitioner would seek a United States Consulate outside the United States which would accept his application for an immigrant visa. This application was denied by the District Director of the Immigration and Naturalization Service on April 27, 1967, on the ground that petitioner's presence in the United States was not required in connection with the processing of any application for an immigrant visa which the petitioner intended to file at an American Consulate outside the United States, and on the further ground that the petitioner was not eligible for any relief from deportation under the Immigration and Nationality Act, as amended, or to have his illegal status adjusted in any way under such Act.

Petitioner brought this Petition for Writ of Habeas Corpus and Judicial Review on April 28, 1967, alleging that the deportation order was null and void because petitioner was not given a hearing before his parole was revoked. Petitioner also claims that he is entitled to a stay of deportation pending the determination of his visa application.

Counsel for petitioner and respondent stipulated in open court that petitioner was inspected and paroled into the United States initially on June 30, 1962, and again on April 22, 1965. The parties also stipulated that no hearing was held in revoking either parole prior to ordering the petitioner deported.

The only issues, then, are (1) whether petitioner was entitled to a hearing before revocation of his parole, and (2) whether petitioner is entitled to a stay of deportation.

In support of his contention that he was entitled to a hearing, petitioner cites United States ex rel. Paktorovics v. Murff, 260 F.2d 610 (CCA 2nd 1958).

However, that case did not involve an alien crewman, but a Hungarian refugee paroled into the United States after an announced foreign policy of the United States to give asylum to such refugees. Because of special circumstances of the case, the Second Circuit held that the appellant was entitled to a hearing prior to the revocation of his parole.

■ However, an alien crewman who is conditionally paroled into the United States is not entitled to a hearing on the revocation of his parole precedent to his being deported from the country. Wong Hing Fun v. Esperdy, 335 F.2d 656 (CCA 2nd 1964), cert. denied sub nom. Ng Sui Sang v. Esperdy, 379 U.S. 970, 85 S.Ct. 667, 13 L.Ed.2d 562 (1965); United States ex rel. Lam Hai Cheung v. Esperdy, 345 F.2d 989 (CCA 2nd 1965). Under the Immigration and Naturalization Act, petitioner never made an entry into the United States and is subject to the exclusion rather than the expulsion provisions of the statute. Leng May Ma v. Barber, 357 U.S. 185, 78 S.Ct. 1072, 2 L.Ed.2d 1246 (1958). As no hearing is provided by statute in this type of case, petitioner is entitled to none.

■ As to petitioner's second contention that he is entitled to a stay of deportation, that determination is entirely within the discretion of the District Director under 8 CFR 243.4.[8] A denial by the District Director is not appealable and judicial review is limited to a determination as to whether there has been an abuse of discretion. Melone v. Immigration and Naturalization Service, 355 F.2d 533 (CCA 7th 1966); Say v. Del Guercio, 237 F.2d 715 (CCA 9th 1956); Polites v. Sahli, 302 F.2d 449 (CCA 6th 1962), cert. denied, 371 U.S. 916, 83 S.Ct. 259, 9 L.Ed.2d 175 (1962).

Petitioner herein requested a stay of deportation in order to allow him addi-

8. "Sec. 243.4 Any request by an alien under a final administrative order of deportation for a stay of deportation, except a request for withholding of deportation pursuant to section 243(h) of the Act [because of physical persecution], shall be filed on Form I-246 with the district director having jurisdiction over the place where the alien is at the time of filing. The district director, in his discretion, may grant a stay of deportation for such time and under such conditions as he may deem appropriate. * * *"

tional time to process an application for an immigrant visa with an American Consul abroad. Under 8 U.S.C. § 1101 (a) (16), "[t]he term 'immigrant visa' means an immigrant visa required by this chapter and properly issued by a consular officer at this office *outside the United States* to an eligible immigrant under the provisions of this chapter." [Emphasis added.]

█ It is obvious that the director did not abuse his discretion in denying petitioner's application for a stay of deportation since petitioner must leave this country in order to apply for such a visa.

## CONCLUSIONS OF LAW

From the foregoing facts and discussion the Court concludes that:

(1) Petitioner, an alien crewman conditionally paroled into the United States who absconded and whose parole was revoked, was not entitled to a hearing on the revocation of his parole precedent to his being deported from this country.

(2) There was no abuse of discretion by the District Director of the Immigration and Naturalization Service in denying petitioner's application for a stay of deportation.

(3) Petitioner is not entitled to a Writ of Habeas Corpus and judgment should be entered in favor of the respondent.

The foregoing shall and does constitute this Decision, Findings of Fact and Conclusions of Law herein, as required by Rule 52, Federal Rules of Civil Procedure.

The petition herein is denied and the Court makes and enters the following "JUDGMENT AND ORDER DENYING PETITION FOR WRIT OF HABEAS CORPUS":

"Upon consideration of the petition of Sui Fung Luk for a Writ of Habeas Corpus and Judicial Review filed herein on April 28, 1967, the Return to the Order to Show Cause and Answer to Petition for Writ of Habeas Corpus filed by the Respondent, the memoranda submitted by counsel for both parties, the Immigration and Naturalization file introduced in evidence in open Court on June 2, 1967 and marked Exhibit 'A' and the arguments of counsel for both parties at the hearings held on May 15, 1967 and June 2, 1967; and based upon the Decision, Findings of Fact and Conclusions of Law heretofore made,

"IT IS ORDERED that the Petition for Writ of Habeas Corpus be, and the same is hereby denied.

"By the Court this 22nd day of June, 1967."

## STIPULATED AMENDED ORDER

Upon the petitioner's motion for new trial and after the hearing thereon in which the Court considered the pleadings, the administrative record on file and the arguments of counsel for both parties, the Court suggested and the parties stipulated by and through their respective counsel, to the following "AMENDED ORDER":

"IT IS HEREBY ORDERED, ADJUDGED AND DECREED that Petitioner's Motion for New Trial be and the same is hereby denied and the Court reaffirms its Decision, Findings of Fact, Conclusions of Law and Judgment and Order Denying Petition for Writ of Habeas Corpus, all signed June 22, 1967, and filed herein on June 23, 1967.

"IT IS FURTHER ORDERED that District Director George K. Rosenberg be and the same is hereby restrained from deporting petitioner Sui Fung Luk pending further hearing and order of this Court.

"IT IS FURTHER ORDERED that the District Director grant petitioner a hearing on petitioner's allegation of fear of persecution if deported to Hong Kong, pursuant to one or the other of the following two sets of provisions of the Immigration and Nationality Act of 1952 as amended and the Code of Federal Regulations:

"(1) Section 243(h) of the Immigration and Nationality Act of 1952,

as amended 8 U.S.C. 1253(h),[9] 8 C.F.R. 243.4 [10], as interpreted and applied in United States ex rel. Szlajmer v. Esperdy, 188 F.Supp. 491 (S.D.N.Y.1960);

or

"(2) Section 212(d) (5) of the Immigration and Nationality Act of 1952 as amended, 8 U.S.C. 1182(d) (5)[11], 8 C.F.R. 253.1(e)[12], as interpreted and applied in Glavic v. Beechie, 225 F.Supp. 24 (S.D.Tex. 1963), aff'd. 340 F.2d 91 (5th Cir. 1964).

"Regardless of whether the hearing is conducted on the one hand pursuant to 8 C.F.R. 243.4 to determine if petitioner is entitled to a stay of deportation, or on the other hand pursuant to 8 C.F.R. 253.1(e) to determine if petitioner should be paroled into the United States, because of his fear of persecution, petitioner in either event shall be granted a hearing which conforms to constitutional due process. He shall be given notice of the hearing, an opportunity to be heard and his attorney shall be 'allowed to present every shred of evidence at his command' to support his allegations Glavic v. Beechie, supra, 225 F.Supp. at page 27.

"IT IS FURTHER ORDERED that this Order supersedes the Order of this Court filed and entered herein on August 3, 1967, denying petitioner's motion for new trial.

"DATED: this 23d day of August, 1967.

9. "8 U.S.C. 1253(h) *Withholding of Deportation*

The Attorney General is authorized to withhold deportation of any alien within the United States to any country in which in his opinion the alien would be subject to persecution on account of race, religion, or political opinion and for such period of time as he deems to be necessary for such reason."

10. "8 C.F.R. 243.4 *Stay of Deportation*

Any request by an alien under a final administrative order of deportation for a stay of deportation, except a request for withholding of deportation pursuant to section 243(h) of the Act, shall be filed on Form I–246 with the district director having jurisdiction over the place where the alien is at the time of filing. The district director, in his discretion, may grant a stay of deportation for such time and under such conditions as he may deem appropriate. Written notice of the disposition of the alien's request shall be served upon him, but neither the making of the request nor the failure to receive notice of the decision thereon shall relieve or excuse the alien from presenting himself for deportation at the time and place designated for his deportation. Denial by the district director of a request for a stay is not appealable but such denial shall not preclude the Board from granting a stay in connection with a motion to reopen or a motion to reconsider as provided in Part 3 of this chapter."

11. "8 U.S.C. 1182(d) (5) ADMISSION QUALIFICATIONS

"The Attorney General may in his discretion parole into the United States temporarily under such conditions as he may prescribe for emergent reasons or for reasons deemed strictly in the public interest any alien applying for admission to the United States, but such parole of such alien shall not be regarded as an admission of the alien and when the purposes of such parole shall, in the opinion of the Attorney General, have been served the alien shall forthwith return or be returned to the custody from which he was paroled and thereafter his case shall continue to be dealt with in the same manner as that of any other applicant for admission to the United States."

12. 8 C.F.R. 253.1(e) "*Crewman alleging persecution.*

Any alien crewman denied a conditional landing permit or whose conditional landing permit issued under § 252.1(d) (1) of this chapter is revoked who alleges that he cannot return to a Communist, Communist-dominated, or Communist-occupied country because of fear of persecution in that country on account of race, religion, or political opinion may be paroled into the United States under the provisions of section 212(d) (5) of the Act for the period of time and under the conditions set by the district director having jurisdiction over the area where the alien crewman is located."