**SIU FUNG LUK, Appellant,**

v.

**George K. ROSENBERG, District Director, Immigration and Naturalization Service of the United States Department of Justice, Appellee.**

**No. 22672.**

United States Court of Appeals
Ninth Circuit.

March 28, 1969.

Rehearing Denied May 2, 1969.

Certiorari Dismissed June 25, 1969.
See 89 S.Ct. 2151.

**556**

————◆————

Richard K. Kwan (argued), of Kwan, Cohen & Lum, Los Angeles, Cal., for appellant.

Carolyn Reynolds (argued), Asst. U. S. Atty., Wm. M. Byrne, Jr., U. S. Atty., Frederick M. Brosio, Asst. U. S. Atty., Los Angeles, Cal., for appellee.

Before BARNES and CARTER, Circuit Judges, and * von der HEYDT, District Judge.

BARNES, Circuit Judge:

Appellant, a native and citizen of China, arrived in the United States as a member of the crew of the SS "Pacific Leader" on June 30, 1962, at the port of New York. The Immigrant Inspector found him not eligible for a conditional permit to land under 8 U.S.C. § 1282, and paroled him under 8 U.S.C. § 1182(d) (5) until July 29, 1962 or the date his vessel sailed foreign, whichever occurred first.

Appellant failed to depart on the vessel and was not located by the Immigration and Naturalization Service until April 1965, when he was found in New York City, working as a chef. His parole was terminated and the transportation company whose vessel brought him to the United States was notified of its obligation to deport appellant under 8 U.S.C. § 1284. Pending arrangements for appellant's removal from the United States by the company, he was again paroled on April 22, 1965, upon the posting of a $1500 bond. (R. 17) In May 1965 appellant notified the Immigration Service that he was leaving New York for Los Angeles, California, and upon his arrival in Los Angeles, he notified the Service of his new address.

On August 10, 1965, appellant was notified that the parole of April 22, 1965 was revoked and that he would have to appear when notified to do so by the Service. (R. 18)

In July 1966 a restaurant corporation filed with the Bureau of Employment Security, United. States Department of Labor, an application for alien employment certification on behalf of appellant. Such certification is required before a petition for sixth preference classification may be approved. Certification was granted in August 1966 and a Petition to Classify Preference Status of Alien on Basis of Profession or Occupation was submitted to the Immigration Service in September 1966. This Petition was later returned to the restaurant corporation with a request for further information, and the information was supplied and the petition resubmitted. Since March 1967, the petition has been returned and resubmitted again.

By letter of April 21, 1967, appellant was notified that arrangements for his deportation had been completed, and that he was to report for deportation on May 1, 1967. (R. 21)

On April 27, 1967, appellant filed an Application for Stay of Deportation by which he sought to have deportation

———————————
* Hon. James A. von der Heydt, United States District Judge, Anchorage, Alaska, sitting by designation.

stayed until the application for sixth preference (skilled or unskilled labor in short supply in the United States) under 8 U.S.C. § 1153(a) (6) could be adjudicated and a visa application processed. A stay of deportation was denied by appellee on April 27, 1967 on the grounds that appellant's presence in the United States was not required in connection with the processing of his application, and that appellant was not eligible for any relief from deportation under the Immigration and Nationality Act, as amended, or to have his illegal status adjusted under that Act.

Appellant petitioned for a Writ of Habeas Corpus and Judicial Review on April 28, 1967, alleging that the deportation order was null and void because appellant was not given a hearing before his parole was revoked. He also claimed that he was entitled to a stay of deportation pending the determination of his visa application. The petition was denied by the district court on June 23, 1967. (R. 40–49) The court held that appellant was not entitled to a hearing and that the denial of a stay was not an abuse of discretion. (The opinion is reported at 271 F.Supp. 485.)

On July 3, 1967, appellant filed a motion for new trial, seeking to set aside the judgment that had been entered. (R. 50–51) The motion was denied and the former decision and findings were affirmed. (R. 60) It was further ordered that appellee be restrained from deporting appellant pending further hearing and order of the court for the purpose of filing a Request for Withholding of Deportation pursuant to 8 U.S.C. § 1253 (h), 8 C.F.R. 243.4 and other applicable regulations. A request for this relief was filed with the Immigration Service on August 4, 1967. (R. 65)

The court issued an amended order on August 23, 1967, by which appellee was ordered to grant appellant a hearing on the allegation of fear of persecution if deported to Hong Kong. (R. 69–71) The hearing was to be conducted pursuant to either 8 U.S.C. § 1253(h) or 8 U.S.C. § 1182(d) (5), the hearing in either case to conform to constitutional due process. Said hearing was to determine if appellant was entitled to a stay of deportation or if he should be paroled into the United States.

In compliance with this order, a hearing was held before an immigrant inspector on October 23, 1967. (R. 107–120) Thereafter, appellee issued a written opinion, dated November 3, 1967, denying that appellant was entitled to consideration under § 1253(h) and denying appellant relief under § 1182(d) (5). (R. 104–106) On November 9, 1967, appellee filed a Motion for Order Dissolving Restraining Order (R. 72–76), and a judgment was entered on December 18, 1967, granting the motion and dissolving the restraining order effective December 29, 1967. (R. 89)

Notice of Appeal from the district court's judgment was filed on January 5, 1968. (R. 125) The district court had jurisdiction under 8 U.S.C. §§ 1329 and 1105a and we have jurisdiction of the appeal under 28 U.S.C. §§ 2253 and 1291.

Appellant here makes four contentions. First, that he was entitled to a deportation hearing under 8 U.S.C. § 1252(b) in connection with the revocation of his parole. Second, that his deportation should be stayed pending the processing of his application for preference status and a visa and the refusal to grant such relief was an abuse of discretion. Third, that he is entitled to a hearing under 8 U.S.C. § 1253(h) regarding his persecution claim. Fourth, that appellee's decision denying appellant's application for parole under 8 C.F.R. 253.1(f) (into the United States) was not supported by substantial evidence.

After careful consideration, we reject the above contentions and affirm the judgment of the district court, for the reasons which follow.

With regard to appellant's alleged right to a hearing upon the revocation of his parole, 8 U.S.C. § 1182(d) (5) provides:

"The Attorney General may in his discretion parole into the United States temporarily under such conditions as

he may prescribe for emergent reasons or for reasons deemed strictly in the public interest any alien applying for admission to the United States, but *such parole of such alien shall not be regarded as an admission of the alien* and when the purposes of such parole shall, in the opinion of the Attorney General, have been served the alien shall forthwith return or be returned *to the custody from which he was paroled* and thereafter *his case shall continue to be dealt with in the same manner as that of any other applicant for admission to the United States."* (Emphasis added.)

■ It is clear from the above section that appellant's parole into the United States did not constitute an "entry" into the United States within the meaning of the Immigration and Nationality Act, so as to make him eligible for expulsion rather than exclusion proceedings. Moreover, cases are legion to the effect that parole does not effect entry, and that there is no right to a hearing in connection with exclusion proceedings. In Leng May Ma v. Barber, 357 U.S. 185, 78 S.Ct. 1072, 2 L.Ed.2d 1246 (1958), and Rogers v. Quan, 357 U.S. 193, 78 S.Ct. 1076, 2 L.Ed.2d 1252 (1958), the Supreme Court dealt with the distinction between exclusion and expulsion, and concluded that aliens who were paroled into the United States were not entitled to deportation hearings.

■ More recently, the court in United States ex rel. Kordic v. Esperdy, 386 F.2d 232, 235 (2d Cir. 1967), also stated that a parolee, even though physically in the country, is not regarded as having "entered" and thus has not acquired the full protection of the Constitution; and that if he is required to leave the United States he is being excluded, not expelled. The same was held in United States ex rel. Stellas v. Esperdy, 366 F.2d 266 (2d Cir. 1966) [1];

United States ex rel. Lam Hai Cheung, 345 F.2d 989 (2d Cir. 1965); Wong Hing Fun v. Esperdy, 335 F.2d 656 (2d Cir. 1964); Wong Hing Goon v. Brownell, 264 F.2d 52 (9th Cir. 1959); Licea-Gomez v. Pilliod, 193 F.Supp. 577, 579–580 (N.D.Ill.1960); United States ex rel. Tom We Shung v. Murff, 176 F.Supp. 253, 256 (S.D.N.Y.1959); and In re Milanovic's Petition, 162 F.Supp. 890, 894 (S.D.N.Y.1957), aff'd, 253 F.2d 941 (2d Cir. 1958).

■ Appellant agrees that his parole alone did not constitute an entry, but he argues that when his parole was revoked and no immediate action was taken with regard to appellant by the Service, he thereby effected an entry. We cannot accept this theory. In response to a similar argument, the Supreme Court in Rogers v. Quan, *supra*, at 196, at 1078 of 78 S.Ct. specifically stated: "We doubt that the Congress intended the mere fact of delay to improve an alien's status from that of one seeking admission to that of one legally considered within the United States." In United States ex rel. Tom We Shung v. Murff, *supra*, the alien enjoyed a "temporary haven" within the United States for eleven years while he litigated his claim for admission, and the court held that the delays which ensued following the alien's efforts to gain admission did not better his position. *Id.* at 259. In In re Milanovic's Petition, *supra*, the alien was subject to exclusion notwithstanding his seven year residence in this country while under parole.

Those cases cited by appellant in support of a contrary conclusion are not controlling. In Stanisic v. United States Immigration & Nat. Serv., 393 F.2d 539 (9th Cir. 1968), the alien received a conditional landing permit under 8 U.S.C. § 1282(a) (1) and therefore "entered" the United States. Under those circumstances, not present here, we held that

---

1. The judgment in *Stellas* was vacated by the Supreme Court and remanded with instructions that it be returned to the Service, at the suggestion of the Service itself. 388 U.S. 462, 87 S.Ct. 2121, 18 L.Ed.2d 1322 (1967). We agree with the second circuit, see United States ex rel. Kordic v. Esperdy, *supra*, 386 F.2d at 236, n. 4, that the language in *Stellas* has continuing validity.

the alien was entitled to a deportation hearing. The alien seaman in Couto v. Shaughnessy, 218 F.2d 758 (2d Cir.), cert. denied, 349 U.S. 952, 75 S.Ct. 879, 99 L.Ed. 1276 (1955), was also granted such a permit, and in United States ex rel. Lam Fo Sang, 210 F.Supp. 786 (S.D. N.Y.1962), the court specifically stated that the alien had "entered" the United States, albeit illegally. See the discussion of this case in United States ex rel. Kordic, *supra*, 386 F.2d at 235. Nor can we conclude that United States ex rel. Paktorovics v. Murff, 260 F.2d 610 (2d Cir. 1958), compels the result that appellant here seeks. As the court said therein, *Id.* at 613: "By reason of the circumstances under which the Hungarian refugees were paroled into the United States this case is *sui generis.*"

■ We turn now to appellant's contention that he is entitled to a stay of deportation. It is provided in 8 C.F.R. § 243.4 that "[t]he district director, *in his discretion,* may grant a stay of deportation for such time and under such conditions as he may deem appropriate." (Emphasis added.) Thus, the scope of our review is limited to determining whether the district director abused his discretion. We cannot substitute our judgment for his. Melone v. Immigration & Nat. Serv., 355 F.2d 533 (7th Cir. 1966); Polites v. Sahli, 302 F.2d 449, 451 (6th Cir.), cert. denied, 371 U.S. 916, 83 S.Ct. 259, 9 L.Ed.2d 175 (1962); Lam Tat Sin v. Esperdy, 227 F.Supp. 482, 486 (S.D.N.Y.1964).

■ In the present case, appellant requested a stay in order to process his applications for preference status and a visa. Denying the request, the district director stated that appellant's presence in this country was not necessary to process the applications, and cited the fact that 8 U.S.C. § 1101(a) (16) provides that an immigrant visa is to be issued by a consular office *outside the United States.* While it may be more convenient for appellant to complete the required forms within this country where, as he suggests, he can obtain the

service of counsel, we must conclude that the district director's reason for refusing to stay deportation is sufficient on its face. Hence, no abuse of discretion has been shown, and there can be no further inquiry.

We next consider appellant's claim that he is entitled to a hearing under 8 U.S.C. § 1253(h). Title 8 of C.F.R., § 253.1 deals with the parole of alien crewmen, and paragraph (f) thereunder provides:

"*Crewmen alleging persecution.* Any alien crewman refused a conditional landing permit or whose conditional landing permit has been revoked who alleges that he cannot return to a Communist, Communist-dominated or Communist-occupied country because of fear of persecution in that country on account of race, religion or political opinion shall be removed from the vessel or aircraft for interrogation. Following the interrogation, the district director having jurisdiction over the area where the alien crewman is located may in his discretion authorize parole of the alien crewman into the United States under the provisions of section 212(d) (5) [8 U.S.C. § 1182 (d) (5)] of the Act. If parole is not authorized, the crewman shall be returned to the vessel or aircraft on which he arrived in the United States."

■ In connection with his claim of persecution, appellant was given a hearing pursuant to 8 U.S.C. § 1182(d) (5). Appellant was present at this hearing with his attorney, and he testified through an interpreter. He also submitted affidavits in his behalf. This procedure afforded appellant constitutional due process. United States ex rel. Kordic v. Esperdy, *supra,* 386 F.2d at 238; Glavic v. Beechie, 225 F.Supp. 24, 27 (S.D.Tex.1963), aff'd, 340 F.2d 91 (5th Cir. 1964).

However, appellant asserts that he was entitled to a hearing before a special inquiry officer, pursuant to 8 U.S.C. § 1253(h). The cases do not support this

contention. In Leng May Ma v. Barber, *supra,* the Supreme Court held that such relief is not available to an alien paroled in this country. United States ex rel. Kordic v. Esperdy, *supra,* held the same, as did Menon v. Esperdy, 248 F.Supp. 261 (S.D.N.Y.1965).

Appellant relies upon United States ex rel. Szlajmer v. Esperdy, 188 F.Supp. 491 (S.D.N.Y.1960), in support of his claim, but this case is not controlling. First, the alien there was not paroled, as was appellant; instead, he had been granted a conditional landing permit. Next, that case was decided prior to the enactment of 8 C.F.R. § 253.1(f) and, in fact, that regulation was added as a result of *Szlajmer, supra.* See the discussion of Szlajmer in United States ex rel. Kordic v. Esperdy, *supra,* 386 F.2d at 236.

We hold that appellant was not entitled to a hearing regarding his persecution claim before a special inquiry officer.

 Appellant's final claim is that the decision denying him parole was not supported by substantial evidence. In his decision (R. 105), the district director stated that the British Crown Colony of Hong Kong is not a Communist, Communist-dominated, or Communist-occupied country, and that, therefore, appellant was not eligible for the relief he sought. The district director also stated that even assuming appellant were eligible, he did not establish that his deportation to Hong Kong would subject him to persecution.

During the hearing, appellant testified as to his anti-Communist activities during the 1940's in China, and stated that there is an active Communist underground operating in Hong Kong today. He said that bombs are frequently exploded in various parts of Hong Kong. An affidavit filed in appellant's behalf stated that his life would be threatened by the presence of the underground, but this statement was not supported by any evidentiary facts. Appellant's testimony also indicated that he has a common-law wife and three children living in Hong Kong now, to whom he sends money, and that neither he nor any member of his family has suffered any persecution in Hong Kong. Appellant also stated that he would be subject to persecution because he is a member of the Roman Catholic Church, but nothing in the record shows that there is persecution in Hong Kong because of being a member of the Roman Catholic religion.

In light of the above evidence, we cannot conclude that the district director abused his discretion when he determined that appellant failed to establish that deportation would subject him to persecution. Given the clear language of 8 C.F.R. § 253.1(f) that the district director "may *in his discretion* authorize parole of the alien" we need not inquire as to whether the evidence in support of the decision was "substantial."

For the reasons herein stated, the decision of the district court is affirmed.