**Fe Aure DEL MUNDO, also known as Fe Perey Aure, Petitioner,**

v.

**George K. ROSENBERG, District Director, Immigration and Naturalization Service.**

**Civ. No. 71–2806.**

United States District Court,
C. D. California.

April 11, 1972.

Earl R. Steen, Los Angeles, Cal., for petitioner.

William D. Keller, U. S. Atty., Frederick M. Brosio, Jr., Asst. U. S. Atty., Chief of Civil Div., Dzintra V. Janavs, Asst. U. S. Atty., for respondent.

## DECISION AND ORDER OF RE-MAND

HAUK, District Judge.

Petitioner seeks a Writ of Habeas Corpus and judicial review of the decision of Respondent denying Petitioner a stay of deportation. The Court filed an Order to Show Cause why a Writ of Habeas Corpus should not be granted and set a hearing for December 6, 1971.

The Government filed a Return to the Order to Show Cause and Opposition to the Issuance of Writ and also submitted a certified copy of the Administrative Record before the Immigration and Naturalization Service. On December 6, 1971, after oral argument, the Court granted a preliminary injunction *pendente lite* and set the matter for non-jury trial on February 1, 1972. The Government filed a Motion for Summary Judgment which was denied and the case proceeded to trial.

## FACTS

Petitioner is a 26 year old native and citizen of the Philippines. On December 20, 1968, Petitioner and several other members of her family sought admission to the United States as immigrants. Although at that time Petitioner believed that she was in possession of a valid immigration visa, it was subsequently learned that she had been defrauded by a travel agent in the Philippines and did not have the necessary entrance papers. Since Petitioner's papers were not in order she was paroled into the United States. In a hearing before a Special Inquiry Officer on August 12, 1969, Petitioner was found to be excludable as an immigrant not in possession of an immigrant visa and was ordered deported. On December 5, 1969, the Board of Immigration Appeals affirmed the decision of the Special Inquiry Officer. In September, 1971, Respondent sought to enforce the order of deportation and Petitioner applied for a stay of deportation. The application was denied and Petitioner was ordered to report for deportation on October 8, 1971. On that date, she filed an action in the United States Court of Appeals for the Ninth Circuit. As a result of the filing of this action in the Ninth Circuit an automatic restraining order issued, staying Petitioner's deportation. On Respondent's motion, the Ninth Circuit action was dismissed for lack of jurisdiction on November 11, 1971.

On Friday, November 19, 1971, Respondent mailed Petitioner a notice to report for deportation on November 24, 1971. On November 20, 1971, at Las Vegas, Nevada, Petitioner married Reynaldo Del Mundo, a native and citizen of the Philippines, who is presently serving in the United States Navy stationed at San Diego, California. On November 23, 1971, Petitioner again sought a stay of deportation based on her marriage to a member of the United States Armed Forces. The application was denied. On November 23, 1971, Petitioner filed the instant action.

The administrative record was entered in evidence and counsel for both parties stipulated to the admission in evidence of the Nevada marriage certificate and a document verifying the Naval service of Petitioner's husband. These documents were before the Respondent at the time he denied the application for stay of deportation. Petitioner offered additional documents pertaining to the validity of the marriage and to the service record of Petitioner's husband. The court sustained objection to the admission of these documents in evidence since they were not before the District Director when he rendered his decision on the application for stay of deportation.

## ISSUE

The sole issue before the Court is whether the District Director has abused his discretion in denying the stay of deportation requested by Petitioner. See Luk v. Rosenberg, 409 F.2d 555 (9th Cir. 1969); 8 C.F.R. 243.4.

## ARBITRARY AND INCONSISTENT DECISIONS

Cognizant of the limited scope of the Court's review in matters of this nature, yet sensitive to the great injustices that can be wreaked upon an individual wrongfully or unnecessarily deported, we have carefully scrutinized the decision of the District Director to see if we can possibly satisfy ourselves that this is not an instance where there has been an unreasonable or unfair decision amounting to abuse of discretion.

**348**

■■ Based on the evidence before this Court, all of which was also before the District Director, we find that there has been a prima facie showing of arbitrariness and capriciousness which create conviction in the Court's mind that there is no reasonable basis for the District Director's decision. In arriving at this conviction, the Court has constantly kept in mind and is fully aware of the discretion which has been conferred upon the District Director. However, this discretion, while undeniably wide, is not and cannot be unbounded. As with any grant of discretion to a public official, it must be tempered and regulated by certain fixed and settled principles. In this respect the District Director cannot, consistent with the character and obligation of administering justice impartially, decide in contrary ways two cases which are identical in every essential respect.

■ In support of the contention that there has been an abuse of discretion, Petitioner has submitted an official letter addressed to a Mrs. Cynthia Reyes from the Office of the Respondent District Director, granting Mrs. Reyes a stay of deportation in Case No. A17 918 901. The obvious identity between the Reyes case and the instant case is immediately apparent. Analysis of their synonymity demonstrates a basic inconsistency that denied equal protection of the laws to Petitioner. In the *Reyes* case, as here, the alien was married to a Philippine citizen who had enlisted in the United States Navy. Mrs. Reyes' application for stay of deportation was based on the fact that her spouse was stationed in the United States and that she wished to remain with him. This is the same ground relied upon by Petitioner in her request for stay. The only possible distinction between the two situations is that in *Reyes* the couple had been married for a longer period of time than Petitioner (4 months versus 4 days) before submitting the request for stay of deportation. Yet in *Reyes* the alien was granted the stay for the entire duration of her husband's enlistment,

whereas in the case at bar the Petitioner was denied her very limited request for stay merely for the duration of the husband's tour of duty in this country. Thus, even though Petitioner's request for stay was more restrictive in scope than the *Reyes'* request it was denied, ostensibly only because Petitioner had been married for a shorter time than Reyes before the stay was requested. This is at most a distinction without a difference, and in the eyes of the Court arbitrary, capricious and unreasonable. The District Director's reliance upon this distinction in making these disparate decisions is misplaced and brings his action within the ambit of the "abuse of discretion" test.

It is impossible to believe that the mere length of an alien's marriage can be the pivotal issue in determining whether she will or will not be allowed to remain with her serviceman spouse in the United States. Mrs. Reyes was married for four months, and under the District Director's ruling is eligible for a stay. Mrs. Del Mundo, our Petitioner, was married for four days and under the Director's ruling is not eligible for a stay. What about one month, ten days, a week, five days, four days as here? What is the minimum marital time requirement to become eligible for a stay of deportation, if any?

■ When such questions emerge upon consideration of these two otherwise identical fact situations, and when the answers to such insignificant and peripheral questions become decisive with the Director in the determination of whether the family of a United States serviceman will remain intact in the United States or be torn asunder by deportation of wife and potential mother, then it is obvious that the Director's action in refusing Petitioner's stay of deportation has been based on arbitrary, even irrational grounds. If as *Reyes* indicates and the District Director argues, stays of deportation to aliens married to United States servicemen are generally granted, the length of the marriage should not be the determinative factor.

There are only two questions with which the Director should be concerned: (1) Is the spouse in fact a member of the United States Armed Services? There is no question about that here—he is a serviceman. (2) Is the marriage valid under the law? In this regard, the Director's inquiry should be confined to whether the marriage was contracted in good faith, whether it was able to be and has been consummated and whether it is still in existence. If so, and if the Director is unable to controvert the presumptive validity, good faith, consummation and existence of the marriage, his action in refusing a stay of deportation here is beyond question an abuse of discretion. The duration of the marriage, whether years, months, weeks or days is of no import.

Since these were the Director's only concerns in *Reyes*, as indicated by his request to be advised only if there was a change in the husband's enlistment status or the alien's marital status, so also must they be his only queries in all cases involving similarly situated aliens. Anything else disrupts the consistency and uniformity he must maintain in his decisions to guarantee equal protection of the laws; and is arbitrary, capricious and unreasonable.

On the basis of the record before us, we find that the Petitioner did not receive the same treatment as other aliens similarly situated although on the face of her petition she fulfilled all the requirements which the Director indicated in *Reyes* were the only critieria applicable. The Director's discretion has been abused.

## RESTRICTION OF SERVICEMAN HUSBAND'S RIGHTS

 Section 284 of the Immigration and Nationality Act, 8 U.S.C. Section 1354, provides that nothing contained in the Immigration and Nationality Act can limit, restrict, deny or affect the coming into or departure from the United States of an alien member of the Armed Forces of the United States. Accordingly, the regulations, operations instructions, and policies adopted by the Immigration and Naturalization Service pursuant to the Act cannot place or impose any restriction or limitation on the entries and departures of an alien member of the United States Armed Forces. Respondent's refusal to grant a stay of deportation to Petitioner is clearly a restriction and limitation on her serviceman husband's coming into the United States. Petitioner's husband is under military orders to remain in the United States, stationed at San Diego for a specified tour of duty. The Respondent's refusal to allow Petitioner to remain with her husband here during his tour of duty in the United States has placed an unreasonable burden upon the serviceman, a burden which is contrary to the language, intent and purpose of 8 U.S.C. § 1354, undermines the morale of the serviceman, and is thus harmful to the best interests of the Armed Forces. Although 8 U.S.C. Section 1354 does not confer on an alien member of the United States Armed Forces any additional rights or benefits, it does guarantee that he will be treated in the same way as his non-alien counterpart. Undeniably, the Respondent could not restrict, limit or deny to a married *alien* serviceman the clothing, equipment, housing, etc., to which every other married serviceman is entitled. *A fortiori*, to deny the Petitioner's husband access to his spouse, access allowed all servicemen in his category by the Bureau of Naval Personnel Instructions (BUPERS) § 1300.26e(d) (1) (28 April 1971) [1] and specifically authorized for

1. d. *Command Sponsored (Authorized) Dependent.* A dependent of a member of the Armed Forces of the United States who:
(1) Is serving in pay grade E-4 (over 4 years service) or higher grade, or is in pay grade E-4 (more than 2 but less than 4 years service) and has acquired a total active duty commitment of 6 or more years.
Bureau of Naval Personnel Instructions (BUPERS) § 1300.26e(d) (1) (28 April 1971)

him by the Assistant Military Personnel Officer by direction of the Commanding Officer,[2] is a violation of the spirit which prompted the enactment of 8 U. S.C. § 1354, and a further abuse of Respondent's discretion.

## CONCLUSION AND ORDER

Having heard oral argument by both sides and having considered all the evidence submitted, it is the Court's unqualified decision that there has been an abuse of discretion on the part of the Respondent.

In conformance with the foregoing decision which shall constitute Findings of Fact and Conclusions of Law, pursuant to Rule 52 F.R.Civ.P.,

It is ordered that:

1. This case shall be and is remanded to the District Director for a further administrative hearing and receipt of additional evidence, and for a new determination by the Director in conformity with the decision and order herein and any such additional evidence adduced at the hearing. The statute, regulations and operations instructions must be considered and applied fairly and equally to all aliens similarly situated. No arbitrary distinctions should be drawn by the District Director between the Petitioner and her spouse on the one hand and all other aliens in similar situations on the other hand.

2. It is suggested that this further administrative hearing to determine Petitioner's eligibility to remain in the United States should be consolidated with proceedings to hear and determine the "Application for Permission to Reapply for Admission into the United States After Deportation or Removal" which has been filed by Petitioner with Respondent. This will permit a single review by this Court if such is sought thereafter.

3. The foregoing shall constitute final order and judgment herein, subject only to reopening upon petition for review after the further administrative hearing hereinabove ordered.

2.

NAVAL AIR STATION
NORTH ISLAND
SAN DIEGO, CALIFORNIA 92135

IN REPLY REFER TO:

29 NOVEMBER 1971

TO WHOM IT MAY CONCERN:

THIS IS TO CERTIFY THAT AK3 REYNALDO GERON DelMUNDO, USN, 896 56 59/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 ENLISTED IN THE U. S. NAVY ON 11 OCTOBER 1968 AND HIS ENLISTMENT EXPIRES ON 10 OCTOBER 1974. HE IS CURRENTLY SERVING ON BOARD THE U. S. NAVAL AIR STATION, NORTH ISLAND, SAN DIEGO, CALIFORNIA. HIS SERVICE RECORD REVEALS NO DEROGATORY ENTRIES OF ANY KIND. HIS RECORD ALSO REVEALS THAT HE WAS MARRIED ON 20 NOVEMBER 1971 IN LAS VEGAS, NEVADA, TO THE FORMER MISS FE PEREY AURE. AK3 DelMUNDO IS AUTHORIZED TO HAVE HIS DEPENDENTS RESIDE WITH HIM WHILE ON ACTIVE DUTY.

(s) _____

H. M. BARTEL, YNCS, USN
ASSISTANT MILITARY PERSONNEL OFFICER
BY DIRECTION OF THE C. O.