## MATTER OF ABEBE

### In Exclusion Proceedings

### A–22126130

*Decided by Board March 30, 1977*

(1) Applicant applied for admission as a student. He had no visa or other valid entry document and his only travel document was a refugee travel document issued by the Government of Kenya. He was paroled into the country under section 212(d)(5) of the Immigration and Nationality Act for further inspection. His exclusion proceeding was postponed pending an asylum hearing. Asylum was denied; the applicant was ordered excluded, and he appealed.

(2) 8 C.F.R. 108.2 requires departure to be withheld for 30 days after notification of the Department of State of the filing of an application for asylum. It does not require the exclusion hearing itself to be so delayed.

(3) Since the Kenya refugee travel document was not issued pursuant to 8 C.F.R. 223a.2, it was not a refugee travel document as contemplated in Service regulations and 8 C.F.R. 236.3(e) which provides that certain holders of refugee travel documents may not be excluded was not applicable.

(4) Since applicant was paroled into the United States under section 212(d)(5) of the Act, he was not "lawfully in" the United States and therefore Article 32 of the Protocol Relating to the Status of Refugees did not apply to him.

EXCLUDABLE:

Act of 1952—Section 212(a)(20) [8 U.S.C. 1182(a)(20)]—Immigrant—no visa

Act of 1952—Section 212(a)(26) [8 U.S.C. 1182(a)(26)]—Nonimmigrant student nonimmigrant visa

ON BEHALF OF APPLICANT:    Harvey Kaplan, Esquire
Greater Boston Legal Services
793 Tremont Street
Boston, Massachusetts 02118

BY: Milhollan, Chairman; Wilson, Maniatis, and Appleman, Board Members

In a decision dated November 19, 1976, the applicant was found excludable as an alien seeking to enter the United States to study without a nonimmigrant visa or any other valid entry document. The applicant has appealed from the decision of the immigration judge. The appeal will be dismissed.

The applicant is a 22-year-old native of Ethiopia. He fled to Kenya in

July 1976, apparently fearing persecution for political reasons. He was granted a refugee travel document by the Government of Kenya pursuant to the U.N. Convention Relating to the Status of Refugees of 1951. On August 17, 1976, he arrived in New York seeking admission as a student. He was paroled into the United States for inspection in Boston. He was thereafter placed in exclusion proceedings.

On October 8, 1976, the applicant appeared before the immigration judge and stated that he wished to file an application for political asylum in the United States. In accordance with Operations Instructions 108.1(c), the exclusion hearing was postponed until the District Director issued his decision on the asylum request. On November 1, 1976, the District Director denied the applicant's request for asylum and informed him that the exclusion hearing would be held on November 19.

Counsel for the alien contends that the District Director denied his client's request for asylum because he incorrectly assumed that the applicant could return to Kenya. It is alleged that the District Director should have considered whether the applicant would be subject to persecution if he is forced to return to Ethiopia.

Counsel presumably recognizes that no appeal lies from the decision of the District Director upon a request for asylum. 8 C.F.R. §108.2. He instead argues that the immigration judge did not have jurisdiction in the exclusion proceeding because of the alleged failure of the District Director to make a proper decision upon the request for asylum. We reject this argument. We also reject counsel's contention that 8 C.F.R. §108.2 requires the immigration judge to wait for 30 days following the date when the District Director notified the Department of State of his decision upon the request for asylum before commencing the exclusion hearing. That regulation only states that *"departure shall not be enforced* until 30 days following the date of notification." The conduct of an exclusion hearing obviously precedes and is distinct from the enforcement of departure.

Counsel also contends that the alien was not excludable because of 8 C.F.R. §236.3(e). That regulation states, in pertinent part:

Aliens who are the holders of valid unexpired refugee travel documents may be ordered excluded only if they are found to be inadmissible under section 212(a)(9), (10), (12), (23), (27), (28), (29), or (31) of the Act, and it is determined that on the basis of the acts for which they are inadmissible there are compelling reasons of national security or public order for their exclusion.

Counsel recognizes that 8 C.F.R. §223a.2 defines "refugee travel document" as "a document issued by the Service on Form I-571 in implementation of Articles 28 of the U.N. Convention of July 28, 1951, and in accordance with the provisions of this part."

The applicant's refugee travel document was issued by the Government of Kenya, not by the Service.

Nevertheless, counsel contends that the Service must recognize the refugee travel document issued in Kenya as the equivalent of one issued by the Service. Counsel argues that this is compelled by the U.N. Convention of 1951 which the United States adhered to when it signed the Protocol Relating to the Status of Refugees of 1967.

Counsel particularly cites Article 32 of the Convention, which provides: "The Contracting States shall not expel a refugee *lawfully in their territory* save on grounds of national security and public order." (Emphasis added.)

It is obvious that the applicant is not "lawfully in" the United States. Since he was paroled into the United States, he is not even "in" this country for purposes of immigration law, much less "lawfully in." Section 212(d)(5) of the Immigration and Nationality Act. *Leng May Ma v. Barber*, 357 U.S. 185 (1958); *Kaplan v. Tod*, 267 U.S. 228 (1925); *Low v. Attorney General*, 479 F.2d 820 (9 Cir.), cert. denied 414 U.S. 1039 (1973); *Luk v. Rosenberg*, 409 F.2d 555 (9 Cir.), cert. dismissed 396 U.S. 801 (1969).

Counsel's interpretation of Article 32 of the Convention has been repeatedly rejected. *Chim Ming v. Marks*, 505 F.2d 1170 (2 Cir. 1974); *Kan Kam Lin v. Rinaldi*, 361 F. Supp. 177 (D. N.J. 1973), aff'd 493 F.2d 1229 (3 Cir. 1974); *Matter of Dunar*, 14 I. & N. Dec. 310, 315–16 (BIA 1973).

ORDER: The appeal is dismissed.