ROGERS, ATTORNEY GENERAL, *v.* QUAN ET AL.

No. 396.   Argued May 20, 1958.—Decided June 16, 1958.

*Leonard B. Sand* argued the cause for petitioner.   With him on the brief were *Solicitor General Rankin, Assistant Attorney General Anderson, Beatrice Rosenberg* and *Julia P. Cooper.*

*David Carliner* argued the cause for respondents. With him on the brief were *Jack Wasserman* and *Andrew Reiner.*

MR. JUSTICE CLARK delivered the opinion of the Court.

This is a companion case to *Leng May Ma* v. *Barber,* decided today, *ante,* p. 185. The five respondents are natives of China who came to the United States seeking admission between 1949 and 1954, four of them arriving before the effective date of the Immigration and Nationality Act. Like petitioner in *Leng May Ma,* all were paroled into the United States, and all have been ordered excluded. They applied for stays of deportation under § 243 (h) of the Immigration and Nationality Act,[1] and upon refusal, filed complaints in the District Court seeking judgments declaring their nondeportability to China, directing consideration of their claims under § 243 (h), and restraining the Attorney General from deporting them. The complaints were dismissed by the District Court, but the Court of Appeals held that excluded aliens on parole are "within the United States" for purposes of § 243 (h). 101 U. S. App. D. C. 229, 248 F. 2d 89. Because of the conflict with the Ninth Circuit's decision in *Leng May Ma,* we granted certiorari. 355 U. S. 861 (1957). We have concluded that respondents, like petitioner in *Leng May Ma,* are ineligible for stays of deportation under § 243 (h). However, because of the importance of this problem in the administration of the immigration laws, we deem it appropriate to deal specifically with a contention not directly asserted by petitioner in *Leng May Ma.*

The deportation of excluded aliens under the Immigration and Nationality Act is authorized in § 237 (a) of Chapter 4, wherein it is provided that an alien excluded

---

[1] Section 243 (h): "The Attorney General is authorized to withhold deportation of any alien within the United States to any country in which in his opinion the alien would be subject to physical persecution and for such period of time as he deems to be necessary for such reason." 66 Stat. 214, 8 U. S. C. § 1253 (h).

under the Act "shall be immediately deported to the country whence he came . . . ." 66 Stat. 201, 8 U. S. C. § 1227 (a). A similar provision existed in the immediate predecessor to § 237 (a), which was § 18 of the Immigration Act of 1917.[2] Deportation in expulsion proceedings is separately provided for under the present Act in § 243 of Chapter 5, subsection (h) of which, of course, contains the authority which respondents seek to invoke in this case. 66 Stat. 212, 8 U. S. C. § 1253. Like authority existed in the immediate predecessor of § 243, which was § 20 of the Immigration Act of 1917, 39 Stat. 890, as amended by § 23 of the Internal Security Act of 1950, 64 Stat. 1010.

Respondents assert, however, that neither § 237 (a) nor its predecessor, § 18 of the 1917 Act, is the basis for their deportation since they were not "immediately" deported as required in the sections. Hence, they argue that deportation must rest upon § 243 of the present Act, as to the respondent who arrived after the Immigration and Nationality Act, and its predecessor, § 20 of the 1917 Act, as to the four who arrived prior to the present Act.

We will assume, for purpose of analysis, that four of the five respondents are, as they claim, deportable only under prior Acts by virtue of their early arrival. However, under neither of the exclusion sections, i. e., § 237 (a) of the present Act or § 18 of the 1917 Act, is the deportation authority confined, as respondents contend, to those situations where deportation is immediate. Neither section, when read in its entirety and in context, fairly suggests any such limitation. Nor are there reasons of policy to compel such a result. As the desire to remain increases, those knocking on our doors quite naturally become more litigious, and contested departures

---

[2] Section 18: "[A]ll aliens brought to this country in violation of law shall be immediately sent back . . . ." 39 Stat. 887.

often involve long delays. We doubt that the Congress intended the mere fact of delay to improve an alien's status from that of one seeking admission to that of one legally considered within the United States. We conclude that there is ample basis under § 237 (a) and § 18 of the 1917 Act to deport respondents; we need not draw upon the provisions in § 243 of the present Act or § 20 of the 1917 Act.

Regardless of which of the two exclusion sections, § 237 (a) of the 1952 Act or § 18 of the 1917 Act, provides the basis for respondents' deportation, the applications for stays were all filed subsequent to the 1952 Act and hence must be determined by that Act. For reasons explained in *Leng May Ma,* § 243 (h) is unavailable to excluded aliens, and the fact of parole creates no variance from this principle.

*Reversed.*

THE CHIEF JUSTICE, MR. JUSTICE BLACK, MR. JUSTICE DOUGLAS, and MR. JUSTICE BRENNAN dissent for the reasons stated in the dissenting opinion in *Leng May Ma v. Barber, ante,* p. 190.