WONG HING FUN and Ng Sui Sang, Plaintiffs-Appellants,

v.

P. A. ESPERDY, District Director of the Immigration and Naturalization Service, New York District, Defendant-Appellee.

No. 498, Docket 28587.

United States Court of Appeals Second Circuit.

Argued June 9, 1964.

Decided Aug. 20, 1964.

---

7. Reaves v. Ainsworth, 219 U.S. 296, 304, 31 S.Ct. 230, 233, 55 L.Ed. 225.

Jules E. Coven, New York City (Lebenkoff & Coven, New York City, on the brief), for plaintiffs-appellants.

Roy Babitt, Sp. Asst. U. S. Atty. (Robert M. Morgenthau, U. S. Atty., for the Southern District of New York, on the brief), for defendant-appellee.

Before MOORE, SMITH and MARSHALL, Circuit Judges.

MARSHALL, Circuit Judge:

Appellants are natives of China who arrived in this country as crewmen on vessels putting in at United States ports. Wong Hing Fun arrived on June 30, 1962; Ng Sui Sang arrived on December 20, 1962. Both sought shore leave under section 252 of the Immigration and Nationality Act of 1952, 8 U.S.C.A. § 1282. The immigrant inspector denied leave, because of appellants' failure to possess passports or other valid travel documents. However, pursuant to the discretionary authority granted the Attorney General by section 212(d) of the Act, 8 U.S.C.A. § 1182(d), and delegated to the inspector by applicable regulations, he paroled them temporarily into the United States. Both appellants absconded and failed to depart on their vessels. They were apprehended, and, when their vessels returned in May 1963, their paroles were revoked. Instead of departing on the vessels, they brought an action in the District Court against the District Director of Immigration pursuant to section 279 of the Act, 8 U.S.C.A. § 1329, seeking a declaratory judgment that the order revoking parole was illegal because it was entered without a full hearing. Summary judgment was granted the defendant, and the aliens appealed.

There is no basis for appellants' contention that due process requires a hearing on revocation of parole, even though Congress did not provide one. See Shaughnessy v. United States ex rel. Mezei, 345 U.S. 206, 73 S.Ct. 625, 97 L.Ed. 956 (1953); Tom We Shung v. Murff, 176 F.Supp. 253 (S.D.N.Y.1959), affirmed sub nom. U. S. ex rel. Tom We Shung v. Esperdy, 274 F.2d 667 (2 Cir. 1960), United States ex rel. Paktorovics v. Murff, 260 F.2d 610 (2 Cir. 1958) is confined to its special facts, as the opinion in that case recognized. For purposes of the Act, appellants never made entries into the United States, and are subject to the exclusion rather than the expulsion provisions of the statute. Leng May Ma v. Barber, 357 U.S. 185, 78 S.Ct. 1072, 2 L.Ed.2d 1246 (1958); Rogers v. Quan, 357 U.S. 193, 78 S.Ct. 1076, 2 L.Ed.2d 1252 (1958); Kaplan v. Tod, 267 U.S. 228, 45 S.Ct. 257, 69 L.Ed. 585 (1925). The Fifth Amendment does not affect, in any degree, Congress' plenary power over exclusion procedures. As no hearing is provided by statute in cases of this type, appellants were entitled to none.

The judgment is therefore affirmed.