**YUEN KAM CHUEN and Ng Sui Sang, Plaintiffs,**

v.

**P. A. ESPERDY, as District Director of the Immigration and Naturalization Service for the District of New York, Defendant.**

**No. 67 Civ. 4499.**

United States District Court
S. D. New York.

Jan. 29, 1968.

Lebenkoff & Coven, New York City, for plaintiffs; Jules E. Coven, New York City, of counsel.

Robert M. Morgenthau, U. S. Atty. for Southern District of New York, for defendant; Daniel Riesel and Francis J. Lyons, Sp. Asst. U. S. Attys., Southern District of New York, of counsel.

METZNER, District Judge.

The District Director of the Immigration and Naturalization Service seeks summary judgment in this action for a declaratory judgment brought by two alien crewmen.

It is undisputed that both plaintiffs are natives and citizens of China who last resided in Hong Kong. Both carried Hong Kong seamen's identity books. Both boarded foreign vessels as crewmen—one in England, the other in Japan. When the vessels arrived here, plaintiffs, as alien crewmen, were denied permission to land pursuant to 8 U.S.C. § 1282. However, they were paroled into the country while their ships remained in port, but were not to stay longer than 29 days. 8 U.S.C. § 1182(d) (5).

The plaintiffs deserted their vessels, which left without them. Subsequently plaintiffs were apprehended, their pa-

roles were revoked and proceedings looking toward deportation were instituted. The plaintiffs were reparoled while travel arrangements were being made.

When travel arrangements were completed, the plaintiffs stayed their deportation by filing a declaratory judgment action in which they claimed that parole could not be revoked without a hearing. This issue was decided against them. See Wong Hing Fun v. Esperdy, 335 F.2d 656 (2d Cir. 1964), cert. denied sub nom. Ng Sui Sang v. Esperdy, 379 U.S. 970, 85 S.Ct. 667, 13 L.Ed.2d 562 (1965). New travel arrangements were made, but these, too, were stayed by the filing of a declaratory judgment action in which plaintiffs claimed that they were political refugees from the mainland of China. The District Director was upheld in his contention that such relief was not available to alien crewmen. See Tai Mui v. Esperdy, 371 F.2d 772 (2d Cir. 1966), cert. denied, 386 U.S. 1017, 87 S.Ct. 1372, 18 L.Ed.2d 454 (1967).

Departure by air transportation to Hong Kong has been arranged, but by this action departure has been stayed for a third time. The owners of the vessels on which plaintiffs arrived in this country have authorized the District Director to remove the aliens by air at the owners' expense.

Plaintiffs, in their complaint, claim that deportation to Hong Kong is illegal, since they are not being returned to the country from which they came, nor are they being placed upon the ships on which they entered the United States. No affidavits in opposition were submitted on this motion. The claim that deportation can be effected only to the country where they signed on the vessels has been dropped in the briefs, as it should be, since the section relied on does not apply to alien crewmen. 8 U.S.C. § 1227(a).

When parole has been revoked, the alien is considered as not being within the country. Leng May Ma v. Barber, 357 U.S. 185, 78 S.Ct. 1072, 2 L.Ed.2d 1246 (1958). The question is how should such a person be deported under the law.

The parties, in their briefs, agree that the applicable section is 8 U.S.C. § 1284 (c). This section provides that if the Attorney General finds that deportation of an alien crewman on the vessel that brought him here is "impracticable" or "would cause undue hardship" to such crewman, he may be deported on another vessel owned by the same transportation company. The section goes on to state that even this mode of deportation may be found by the Attorney General to be impracticable, but the section does not provide what procedure should then be followed.

Plaintiffs argue that deportation can be effected only as provided by law, and since the statute is silent as to the method of deportation when the Attorney General finds it impracticable to use the two stated alternatives, they cannot be deported. However, this argument ignores the purpose of the section. Since the section provides that the transportation company is liable for the cost of deportation, the two alternatives afford the company the cheapest way to discharge that obligation. It may be that the company could challenge a finding by the Attorney General that the two alternatives are impracticable and charging the company with costs attributable to other modes of transportation. However, the company here has acquiesced in the means selected by the Attorney General.

Motion granted. So ordered.