## MATTER OF DEJONG

### In Exclusion Proceedings

### A-22461648

*Decided by Board July 14, 1978*

(1) Under section 235(b) of the Immigration and Nationality Act, an immigration judge did not have jurisdiction to consider the admissibility of the "alien crew members" of M/V Dosina, an oil tanker which operated as a lightering vessel, off the coast of California, who had applied for temporary permission to land as "alien crewmen."

(2) When the immigration inspector found that the alien crew members did not qualify as "bona fide crewmen," the proper procedure was to refuse them conditional landing permits. See 8 C.F.R. 252.1(g).

In re: JOLLE DeJONG, Master of the Motor Tanker "DOSINA" and other crew members.

EXCLUDABLE: Act of 1952—Section 212(a)(20) [8 U.S.C. 1182(a)(20)]—Immigrants—not in possession of immigrant visas

ON BEHALF OF APPLICANTS:
Edward D. Ransom, Esquire
Lillick, McHouse & Charles
Two Embarcadero Center
San Francisco, California 94111

ON BEHALF OF SERVICE:
George Indelicato
Appellate Trial Attorney

Brian H. Simpson
Trial Attorney

AMICUS CURIAE:
Richard H. Markowitz, Esquire
Markowitz & Glanstein
50 Broadway
New York, New York 10004

Howard Schulman, Esquire
Schulman, Abarbanel, & Schlesinger
350 Fifth Avenue
New York, New York 10001

L. G. Smith, Esquire
Smith & Strickfaden
168 Santa Clara Avenue
Oakland, California 94610

AMICUS CURIAE:
Pak Hoy Wong, Esquire
870 Market Street
San Francisco, California 94102

David L. Hopmann, Esquire
Pillsbury, Madison, & Sutro
c/o Chevron Shipping Co.
555 Market Street
San Francisco, California 94105

Carl C. Davis, Esquire
Alvord & Alvord
348 West 17th Street
New York, New York 10011

BY: Milhollan, Chairman; Maniatis, Appleman, and Maguire, Board Members. Board Member Farb abstained from consideration of this case.

In a decision dated July 11, 1977, an immigration judge found the applicants inadmissible to the United States under section 212(a)(20) of

the Immigration and Nationality Act, 8 U.S.C. 1182(a)(20), as immigrants who were not in possession of immigrant visas, and ordered them excluded and deported from the United States. He then certified his decision to this Board. The decision of the immigration judge will be reversed, and the proceedings will be terminated.

The applicants are the master and crew of the Motor Tanker "Dosina," a Dutch flagship. The M/T "Dosina" is an oil tanker which originally brought a load of 70,000 tons of crude oil to the United States in December, 1976. After delivering its cargo, it began to work off the coast of California as a lightering vessel, bringing crude oil from "supertankers," located in international waters off the coast of California, which were too large to enter any of the California ports. On each trip, the M/T "Dosina" would return to the "supertanker" with a load of fuel oil. The M/T "Dosina" would then repeat its round trip until the "supertanker" had been completely unloaded, a task which normally took 14 days.

In January, 1977, approximately 29 days after it first arrived in this country, the M/T "Dosina" went to Mexico where the ship's master obtained a new crew visa list. The ship then returned to California and began to again "lighter supertankers." At the beginning of February, 1977, the M/T "Dosina" returned to Ensenada, Mexico, and obtained another crew visa list. When the ship attempted to land in the United States for this third time, the immigration inspector who boarded the ship to inspect the crew determined that the crew members might not be "alien crewmen" as described in section 101(a)(15)(D) of the Act, 8 U.S.C. 1101(a)(15)(D), deferred their inspection and ordered them to appear at an exclusion hearing before an immigration judge to determine if they were inadmissible to the United States under section 212(a)(20) of the Act as immigrants not in possession of valid immigrant visas.

Following the continuance of the hearing on February 14, 1977, a reconvened exclusion hearing was held on March 1, 1977. At that hearing, the immigration judge found that he had jurisdiction to consider the case, even though both the applicants and the Immigration and Naturalization Service trial attorney argued to the immigration judge that he did not have jurisdiction to consider the admissibility of the crewmen in exclusion proceedings held pursuant to section 235(b) of the Act, 8 U.S.C. 1225(b). At the hearing, the immigration judge reserved his decision and allowed both the applicants' counsel and the Service an opportunity to submit briefs, and allowed the National Maritime Union to submit an *amicus curiae* brief as well. On July 11, 1977, the immigration judge rendered his decision finding the applicants inadmissible under section 212(a)(20) of the Act and then certified his decision to the Board.

In addition to briefs submitted by the applicants and by the Service, we have also received a number of *amicus curiae* briefs, including an untimely brief filed by the National Maritime Union of America. We have accepted all the *amicus curiae* briefs for consideration.

At oral argument before this Board, held on November 21, 1977, counsel for the applicants stated that the M/T "Dosina" has continued to operate as a lightering vessel off the coast of California, and that, beginning several months prior to the date on which oral argument was held, the ship had once again begun to return every 29 days to Mexico to obtain a new crew visa list. The transcript of the hearing below indicates that the immigration judge told the applicants at the hearing that they could continue in "status quo" and "to carry on" while the case was pending (Tr. p. 35).

At oral argument counsel also stated that the members of the crew of the M/T "Dosina" have continued to be replaced after spending five months on the ship, as is the normal policy of the shipping line. He also stated that six of the original crewmen were on board the ship at that time. There is no indication in the record as to which basis the crewmen on board the M/T "Dosina" have been allowed to land temporarily in the United States since the immigration judge rendered his decision. We, therefore, do not know if they have been allowed to land temporarily in the United States as "alien crewmen" within the meaning of the Act, thereby making the present case moot. However, since we do not know on what basis they have been entering this country, we shall consider the case still to be pending.

The applicants all applied for permission to land in the United States as nonimmigrant alien crewmen as defined in section 101(a)(15)(D) of the Act, which reads:

> (D) an alien crewman serving in good faith as such in any capacity required for normal operation and service on board a vessel (other than a fishing vessel having its home port or an operating base in the United States) or aircraft, who intends to land temporarily and solely in pursuit of his calling as a crewman and to depart from the United States with the vessel or aircraft on which he arrived or some other vessel or aircraft.

The Immigration and Nationality Act of 1952, as amended, devotes a specific section of the Act to the regulation of "alien crewmen," who are permitted to land temporarily in the United States pursuant to these sections. Section 252(a) of the Act, 8 U.S.C. 1282(a), which sets forth the procedures for admitting such crewmen reads:

> No alien crewman shall be permitted to land temporarily in the United States except as provided in this section, section 212(d)(3), section 212(d)(5), and section 253. If an immigration officer finds upon examination that an alien crewman is a nonimmigrant under paragraph (15)(D) of section 101(a) and is otherwise admissible and has agreed to accept such permit, he may, in his discretion, grant the crewman a conditional permit to land temporarily pursuant to regulations prescribed by the Attorney General, subject

to revocation in subsequent proceedings as provided in subsection (b), and for a period of time, in any event, not to exceed—

> (1) the period of time (not exceeding twenty-nine days) during which the vessel or aircraft on which he arrived remains in port, if the immigration officer is satisfied that the crewman intends to depart on the vessel or aircraft on which he arrived; or
>
> (2) twenty-nine days, if the immigration officer is satisfied that the crewman intends to depart, within the period for which he is permitted to land, on a vessel or aircraft other than the one on which he arrived.

This section clearly sets forth the conditions under which eligible crewmen are to be granted permission to land temporarily in the United States. It is these procedures that apply to alien crewmen rather than the procedures set forth in the Act relating to the admission of immigrants and other classes of nonimmigrants. Only when an alien serving as a crewman aboard a ship presents either an immigrant visa or another type of nonimmigrant visa do the general admission procedures apply. See 8 C.F.R. 252.1(b). See also *Matter of Rebelo*, 13 I. & N. Dec. 84 (BIA 1968).

Section 235(b) of the Act, pursuant to which the present exclusion hearing was held, provides in part that:

> Every alien (*other than an alien crewman*), and except as otherwise provided in subsection (c) of this section and in section 273(d), who may not appear to the examining immigration officer at the port of arrival to be clearly and beyond a doubt entitled to land shall be detained for further inquiry to be conducted by a special inquiry officer. (Emphasis supplied.)

It specifically and clearly excludes "alien crewmen," as a class, from its coverage.

The immigration judge, however, found in his decision of July 11, 1977, that he had jurisdiction to consider the admissibility of the present crewman, because this Board's decision in *Matter of Rebelo, supra*, held that in order for an "alien crewman" to be treated as such, he must be acting in "pursuit of his calling." The immigration judge stated that for an alien crewman to be considered to be in pursuit of his calling he must be entering "on a foreign vessel engaged in international trade which comes to the United States with a cargo which it has picked up abroad, discharges it at one or more ports in this country, loads cargo destined to be delivered in foreign countries, and then *departs* from the United States." (Immigration judge's decision, p. 6.)

As stated by the applicants on appeal, this definition of an "alien crewman in pursuit of his calling" has no support or authority in either the Act or in any decision of this Board or of any court. The term "alien crewman" is defined in section 101(a)(15)(D), and we further stated in our decision in *Matter of Rebelo, supra*, that the two elements required for an alien to be classified as an "alien crewman" under the Act are:

> (1) he must be serving aboard a vessel in a capacity required for its normal operation; and

(2) he must be seeking (and gain) admission to this country because of his occupation in that role.

The applicants in the present case are all aliens serving aboard a foreign vessel. They all were listed on the crew visa list each time the ship's master requested such a list for its crew from the American consul in Mexico. The ship, on which the applicants were serving, went to a foreign port each 29 days, as required, to obtain a new crew visa list. None of the crewmen sought to enter for a longer period than their ship was in port, or in any other status, or under any other conditions than those of an "alien crewman." The applicants therefore clearly come within all the accepted definitions of a "bona fide crewman."

However, even if the immigration inspector had decided that the applicants, though seeking to enter as crewmen, were not "bona fide" alien crewmen within the meaning of the Act, the exclusionary procedures set forth in section 235(b) of the Act, which call for an exclusion hearing before an immigration judge, do not apply by the very words of the statute. Here, when the immigrant inspector found that the aliens seeking permission to land temporarily as crewmen did not qualify as "bona fide crewmen," the proper procedure was to refuse them conditional landing permits, not to place them in exclusion proceedings. See 8 C.F.R. 252.1(g); cf. *INS* v. *Stanisic*, 395 U.S. 62 (1969), reh. denied, 395 U.S. 987.

In *Matter of Rebelo, supra,* cited as support by the immigration judge in his decision, we found that the respondent did not qualify as an alien crewman because he had not been admitted because of his employment as an alien crewman, but rather, as a nonimmigrant visitor for pleasure. We, therefore, held that he was eligible for adjustment of status, although he would not have been if he had entered as an alien crewman. All the applicants in the present case requested temporary permission to land as alien crewmen. There is no evidence in the record to indicate that they did not intend to comply with the conditions of the status of alien crewmen, or that they were seeking admission on any other basis. We, therefore, do not believe that our holding in *Matter of Rebelo, supra,* is applicable to this case.

We believe that both under the Act and under the regulations set forth in the Code of Federal Regulations, an immigration judge does not have jurisdiction to consider under section 235(b) of the Act the admissibility of an "alien crewman" who has applied for temporary permission to land. We, therefore, will reverse the decision of the immigration judge and order the proceedings against the applicants under section 235(b) of the Act terminated.

Since we have determined that the applicants were improperly placed in exclusion proceedings under section 235(b) of the Act, and that neither the immigration judge nor this Board has jurisdiction to con-

sider their admissibility, we do not believe that it is necessary for this Board to discuss any of the other issues raised by the applicants.

**ORDER:** The decision of the immigration judge is reversed and the proceedings are terminated.