**Carlos Eloy Alvarez GARCIA, Plaintiff-Appellant,**

v.

**William French SMITH, Attorney General of the United States Department of Justice, et al., Defendants-Appellees.**

**No. 82–5317.**

United States Court of Appeals, Eleventh Circuit.

April 13, 1982.

Rehearing Denied July 19, 1982.
See 680 F.2d 1327.

Robert L. Boyer, Miami, Fla., for plaintiff-appellant.

Robert Robertson, Asst. U.S. Atty., Miami, Fla., William French Smith, Atty. Gen., Dept. of Justice, Washington, D.C., Nade E. Strickland, Criminal Investigator, INS, Dept. of Justice, Atlanta, Ga., Lawrence Lippe, Chief, Gen. Litigation & Legal Advice Section, Criminal Div., U.S. Dept. of Justice, Washington, D.C., Joe Howerton, District Director, INS, Miami, Fla., for defendants-appellees.

Before GODBOLD, Chief Judge, JOHNSON and ANDERSON, Circuit Judges.

JOHNSON, Circuit Judge:

Carlos Garcia appeals the district court's dissolution of a temporary restraining order preventing his deportation from this country and dismissal of his suit for lack of subject matter jurisdiction.

## I.

Garcia left Cuba in 1980 and settled in Costa Rica. Twenty-one months later he decided to seek entry into the United States, arrived in this country as a stowaway on a ship and sought political asylum. A district director of the Immigration and Naturalization Service (INS) denied his request for asylum and stated that, because Garcia was a stowaway, preparations for his deportation would be made.

Garcia sought a temporary restraining order from the district court. The court initially granted the order, but dissolved it three days later and dismissed the case, ruling that it had no subject matter jurisdiction over the case and stating that there was no abuse of discretion in the INS decision. Garcia appeals. We note that this case involves both final action on the merits and a dissolution of a temporary restraining order. Garcia would have us reimpose the temporary restraining order. We reach only the issue of subject matter jurisdiction, reverse, and remand.

## II.

The district court relied on 8 U.S.C.A. § 1323(d) in ruling that it had no subject matter jurisdiction. Section 1323(d) states that stowaways will be excluded from the United States with neither the hearing nor the right to appeal that, under 8 U.S.C.A. §§ 1225 & 1226, usually are available to individuals seeking entry into this country. The court found that this statute on its face deprived the courts of subject matter jurisdiction and rendered final the decision of the district director.

We hold that the lower court had jurisdiction to hear Garcia's claims. Initial-

ly, we note that Garcia's contentions have two bases. First, he disputes the denial of his request for asylum, arguing that the decision was an abuse of discretion. Second, he contends that his exclusion from this country without a hearing as a stowaway was unlawful because recent amendments to the immigration laws supersede Section 1323(d) and entitle him to a hearing. The legislative history underlying the passage of 8 U.S.C.A. § 1158(a), which requires the attorney general to establish procedures allowing aliens to seek asylum, makes clear that Congress intended consideration for asylum to be separate from any other rights an alien might possess with respect to a decision to exclude him from the country. S.Rep.No. 256, 96th Cong., 2d Sess. 19, *reprinted in* [1980] U.S.Code Cong. & Ad.News 141, 149. Moreover, INS regulations themselves specifically permit stowaways to apply for asylum. 8 C.F.R. § 108.1. Even if we were to hold that the judiciary has no subject matter jurisdiction to review the exclusion of Garcia as a stowaway, there would remain his claims concerning the denial of his request for asylum. The district court would have jurisdiction to hear Garcia's petition for habeas corpus regarding those claims.[1] *See Fleurinor v. Immigration and Naturalization Serv.*, 585 F.2d 129, 136 n.6 (5th Cir. 1978).

We do not, however, limit our holding to a conclusion that the lower court could hear only claims related to Garcia's asylum request. In ruling that Section 1323(d) deprived it of subject matter jurisdiction, the district court confused the limited nature of the substantive rights an excluded alien may claim with the jurisdiction of the court to ensure that what rights the alien possesses are vindicated. The court has the jurisdiction to hear the habeas corpus petition of an excluded alien, however limited the substantive protections due him. *See Brownell v. Tom We Shung*, 352 U.S. 180, 183, 77 S.Ct. 252, 254, 1 L.Ed.2d 225 (1956); H.Rep.No. 1086, 87th Cong., 1st Sess., *reprinted in* [1961] U.S.Code Cong. & Ad. News, 2950, 2974–77 (discussing availability of petition for habeas corpus for excluded aliens in context of discussion of 8 U.S.C.A. § 1105a(b)).[2] Indeed, in the very cases in which it has most emphasized the limited nature of the rights due illegal aliens, the Supreme Court has never questioned the availability of a petition for habeas corpus as a means of testing those rights. *See Shaughnessy v. United States ex rel. Mezei*, 345 U.S. 206, 73 S.Ct. 625, 97 L.Ed. 956

---

**1.** 8 U.S.C.A. § 1105a(b) provides that "any alien against whom a final order of exclusion has been made ... under the provisions of section 1226 ... may obtain judicial review of such order by habeas corpus proceedings and not otherwise." We note that, even though 8 U.S.C.A. § 1323(d) may indicate that exclusion of stowaways is not pursuant to Section 1226, the clear intent of Congress in passing Section 1105a(b) was to make petitions for habeas corpus the sole procedure for testing all decisions to exclude aliens, including those who are stowaways. *See* H.Rep.No. 1086, 87th Cong., 1st Sess., *reprinted in* [1961] U.S.Code Cong. & Ad.News 2950, 2974–77.

We treat Garcia's application for a temporary restraining order as a petition for a writ of habeas corpus since he states that the court "arguably" has jurisdiction under 28 U.S.C.A. § 2241, the statute giving the federal courts power to hear such petitions. Garcia appears to fulfill the requirements for bringing such a petition before the district court. In order to seek a writ of habeas corpus, an alien must be in custody, *see Brownell v. Tom We Shung*, 352 U.S. 180, 183, 77 S.Ct. 252, 254, 1 L.Ed.2d 225 (1956), a condition fulfilled here since Garcia is being held in a detention facility. There is no difficulty arising from Garcia's failure to exhaust administrative remedies, *see Fernandez-Roque v. Smith*, 671 F.2d 426 (11th Cir. 1982), since the district director's denial of his asylum request is final and unappealable. 8 C.F.R. § 108.2. Finally, since this is not a deportation proceeding pursuant to 8 U.S.C.A. § 1252(b), the provisions of 8 U.S.C.A. § 1105a(a) vesting in the court of appeals exclusive jurisdiction to review a deportation decision are inapplicable. *See Immigration and Naturalization Serv. v. Stanisic*, 395 U.S. 62, 68 n.6, 89 S.Ct. 1519, 1523 n.6, 23 L.Ed.2d 101 (1969); *Cheng Fan Kwok v. Immigration and Naturalization Serv.*, 392 U.S. 206, 88 S.Ct. 1970, 20 L.Ed.2d 1037 (1968).

**2.** In *Tom We Shung*, the Supreme Court ruled that an excluded alien may bring an action seeking a declaratory judgment under 5 U.S.C.A. § 1009 as well as petition for habeas corpus. Passage of 8 U.S.C.A. § 1105a(b), however, eliminated the possibility of a declaratory judgment action. *See* note 1, *supra.*

(1953); *United States ex rel. Knauff v. Shaughnessy*, 338 U.S. 537, 70 S.Ct. 309, 94 L.Ed. 317 (1950).

Finally, we address the district court's statement that there was no abuse of discretion by the INS when it rejected Garcia's request for asylum. The court may well be correct since the scope of judicial review of a decision to exclude an alien is quite limited. *See Mezei, supra; Knauff, supra.*[3] The issues of this case were not, however, ripe for resolution on the merits in the disposition of an application for a temporary restraining order. Garcia should have an opportunity to present his case.

We hold that the district court has subject matter jurisdiction in this case and remand for consideration of the merits. We leave to the court's sound discretion a decision on whether, pending a decision on the merits, to reimpose its temporary restraining order or issue a preliminary injunction.

REVERSED and REMANDED.

---

**3.** The district court appeared to presume that due process review of an administrative decision to exclude an alien includes insuring not only that the decision complied with statutory grounds but also that the ultimate decision was not arbitrary and capricious. That presumption is not necessarily valid. The case on which the lower court relied, *Daniel v. Immigration and Naturalization Serv.*, 528 F.2d 1278 (5th Cir. 1976), is not controlling since it concerned the expulsion of aliens already in the country, not the exclusion of aliens seeking entry. Aliens within the United States, whether they have entered legally or not, are accorded greater protection than aliens seeking entry. *See Leng May Ma v. Barber*, 357 U.S. 185, 187–88, 78 S.Ct. 1072, 1073–74, 2 L.Ed.2d 1246 (1958). The Supreme Court has indicated that the exercise of discretion to exclude an alien, if pursuant to a statutory mandate, may be unreviewable. *See Mezei, supra; Knauff, supra; Ekiu v. United States*, 142 U.S. 651, 660, 12 S.Ct. 336, 338, 35 L.Ed. 1146 (1892). A more recent Supreme Court case may, however, question the holdings of those cases and suggest that an alien has a right to a fair hearing as well as to a decision in conformity with statute. *Tom We Shung, supra*, 352 U.S. at 182 n.1, 77 S.Ct. at 254 n.1. We do not presently resolve the due process rights to which an alien is entitled. Nor do we resolve whether 8 U.S. C.A. § 1158(a), which requires the attorney general to adopt procedures allowing aliens to apply for asylum, itself provides that the attorney general's exercise of his discretion concerning an application for asylum is subject for review for arbitrariness and capriciousness.