## MATTER OF WALDEI

## In Exclusion Proceedings

### A-24064678

### *Decided by Board October 30, 1984*

(1) An alien who arrives in the United States as a stowaway is not accorded additional rights by virtue of his subsequent parole into this country pending the adjudication of his asylum application, and such parole does not alter his status as a stowaway.

(2) The exclusionary procedures set forth in section 235(b) of the Immigration and Nationality Act, 8 U.S.C. § 1225(b) (1982), do not apply to alien crewmen or stowaways; hence, the applicant, a stowaway, was subject to exclusion from the United States without an exclusion hearing or right of appeal from such hearing usually available to aliens seeking entry into this country.

(3) Where the applicant is a stowaway and thus not entitled to an exclusion or deportation hearing, the immigration judge is without authority to consider his renewed application for asylum.

(4) The Board of Immigration Appeals, by adopting the position that Congress intended a distinct and disparate treatment under the Act for illegal crewman and stowaways, declines to follow the holding of the United States Court of Appeals for the Second Circuit in *Yiu Sing Chun v. Sava*, 708 F.2d 869 (2d Cir. 1983), and thus concludes that an alien stowaway is not entitled to a hearing before an immigration judge for the purpose of adjudicating a renewed asylum application.

(5) The alien stowaway is not deprived of the opportunity to have his asylum claim considered, but in view of his status under the Act that opportunity is limited to consideration by the district director.

EXCLUDABLE: Act of 1952—Sec. 212(a)(18) [8 U.S.C. § 1182(a)(18)]—Stowaway

ON BEHALF OF APPLICANT:
Calvin Johnson, Esquire
6363 St. Charles Avenue
New Orleans, Louisiana 70118

ON BEHALF OF SERVICE:
Charles Wiegand III
General Attorney

BY:   Milhollan, Chairman; Maniatis, Dunne, Morris, and Vacca, Board Members

The applicant appeals from the December 9, 1983, decision of the immigration judge declining to consider his renewed requests for asylum and withholding of deportation under sections 208(a) and 243(h) of the Immigration and Nationality Act, 8 U.S.C. §§ 1158(a)

and 1253(h) (1982), and terminating the exclusion proceedings for lack of jurisdiction based on the applicant's arrival in the United States as a stowaway.[1] Although the record reflects that the applicant's appeal was untimely filed, we shall consider the case on certification pursuant to 8 C.F.R. § 3.1(c) (1983). The decision of the immigration judge will be affirmed.

The applicant is a 24-year-old native and citizen of Ethiopia who last arrived in the United States at the port of New York as a stowaway on the M/V "George Whyte" on August 31, 1980. The applicant was refused landing permission and detained on board ship. The ship left New York, made stops in New Jersey and Miami, and arrived in New Orleans on September 11, 1980. In New Orleans the applicant informed the immigration inspector who boarded his ship that he intended to apply for asylum.

The applicant was paroled into the United States pending the adjudication of his asylum application. His parole was extended on November 13, 1981. The district director eventually denied his request for asylum, revoked his parole, and instituted exclusion proceedings on March 14, 1983, informing the applicant of his possible excludability as a stowaway under section 212(a)(18) of the Act, 8 U.S.C. § 1182(a)(18) (1982).

At his exclusion hearing, begun on August 31, 1983, and completed on September 15, 1983, the applicant, who was represented by counsel, admitted that he had been a stowaway on the M/V "George Whyte," and that since his arrival he has lived in New Orleans and worked at a variety of jobs. He stated that he has regularly reported to the local Service office on a bi-monthly basis and that he has never absconded nor tried to escape when in actual custody. The applicant further stated that he has not departed the United States since his arrival.

In his decision, the immigration judge stated that he was without jurisdiction to hear the underlying exclusion case in view of the applicant's status as a stowaway. He concluded that, absent such jurisdiction, he was without authority to consider the applicant's renewed request for asylum. We agree.

At the time of his arrival the applicant's status was that of a stowaway. That status was not altered by his subsequent parole into the United States pending the adjudication of his asylum ap-

---

[1] This case was previously before us on the applicant's appeal from the April 27, 1983, decision of the immigration judge terminating proceedings for lack of jurisdiction. On July 27, 1983, we remanded the record to the immigration judge for further proceedings to determine what the applicant's status was and what occurred between the time of his ship's arrival in August 1980 and the exclusion proceedings in April 1983.

plication. *See Rogers v. Quan,* 357 U.S. 193 (1958); *Leng May Ma v. Barber,* 357 U.S. 185 (1958); *Matter of Dabiran,* 13 I&N Dec. 587 (BIA 1970); *Matter of L-Y-Y-,* 9 I&N Dec. 70 (A.G. 1960). The Court in *Barber* stated:

> The parole of aliens seeking admission is simply a device through which needless confinement is avoided while administrative proceedings are conducted. It was never intended to affect an alien's status and to hold that petitioner's parole placed her legally "within the United States" is inconsistent with the Congressional mandate, the administrative concept of parole, and the decisions of this Court.

*Leng May Ma v. Barber, supra,* at 190. Nor did the mere delay in adjudicating the applicant's asylum request alter his status. In a companion case to *Barber* the Court stated: "We doubt that the Congress intended the mere fact of delay to improve an alien's status from that of one seeking admission to that of one legally considered within the United States." *Rogers v. Quan, supra,* at 196.

Section 212(d)(5)(A) of the Act specifically provides that parole bestows no additional rights on an alien, nor does it in any way change the alien's status. That section provides in relevant part:

> [P]arole of such alien shall not be regarded as an admission of the alien and when the purposes of such parole shall, in the opinion of the Attorney General, have been served the alien shall forthwith return or be returned to the custody from which he was paroled and thereafter his case shall continue to be dealt with in the same manner as that of any other applicant for admission to the United States.

Thus, when the district director revoked the applicant's parole and denied his asylum application, he was "returned to the custody from which he was paroled," and his status at the time of the exclusion hearing was that of a stowaway. There has been no showing that the Service's control over the applicant was terminated. By his own admissions, the applicant reported regularly to the local Service office in New Orleans and otherwise complied with the requirements of his parole status. *Compare Matter of Lin,* 18 I&N Dec. 219 (BIA 1982), *with Matter of A-,* 9 I&N Dec. 356 (BIA 1961). *See also Matter of Dabiran, supra.*

The applicant, as an entrant stowaway, was not entitled to an exclusion hearing before an immigration judge and was therefore improperly placed in exclusion proceedings by the Service. *Matter of A-, supra; see also Matter of DeJong,* 16 I&N Dec. 552 (BIA 1978). The exclusionary procedures set forth in section 235(b) of the Act, 8 U.S.C. § 1225(b) (1982), which provide the jurisdictional basis for an exclusion hearing before an immigration judge, do not apply to alien crewmen or stowaways. Section 235(b) provides in part:

Every alien (*other than an alien crewman*), *and except as otherwise provided in subsection (c) of this section and in section 273(d)*, who may not appear to the examining immigration officer at the port of arrival to be clearly and beyond a doubt entitled to land shall be detained for further inquiry to be conducted by a special inquiry officer. (Emphasis added.)

The last sentence of section 273(d) of the Act, 8 U.S.C. § 1323(d) (1982), provides:

The provisions of section 235 for detention of aliens for examination before special inquiry officers and the right of appeal provided for in section 236 shall not apply to aliens who arrive as stowaways and no such alien shall be permitted to land in the United States, except temporarily for medical treatment, or pursuant to such regulations as the Attorney General may prescribe for the ultimate departure or removal or deportation of such alien from the United States.

The applicant, as a stowaway, is consequently subject to exclusion from the United States without an exclusion hearing or right of appeal from such hearing usually available to aliens seeking entry into this country under sections 235 and 236 of the Act. *See Garcia v. Smith*, 674 F.2d 838 (11th Cir. 1982).

Jurisdiction to consider an application for asylum made by an applicant for admission at a port of entry lies with the district director. 8 C.F.R. § 208.1(a) (1984). The regulations provide exclusive jurisdiction to consider an asylum application by an alien in exclusion or deportation proceedings with the immigration judge. 8 C.F.R. §§ 208.1(b), 208.3(b), 208.9, 236.3 (1984). The immigration judge's authority to consider an application for asylum under 8 C.F.R. § 208 (1984) is not independent of the jurisdictional limitations set forth in sections 235(b) and 242(b) of the Act but rather is specifically contingent upon the alien properly being in exclusion or deportation proceedings. Where, as here, the applicant is a stowaway and thus not entitled to an exclusion or deportation hearing, the immigration judge is without authority to consider his renewed application for asylum. The applicant's request for asylum was properly considered by the district director. Neither the immigration judge nor this Board has any authority to review the district director's denial of that application. The applicant may seek review of the district director's decision through writ of habeas corpus in the appropriate federal district court. *See Garcia v. Smith, supra.*

We are aware that the United States Court of Appeals for the Second Circuit in *Yiu Sing Chun v. Sava*, 708 F.2d 869 (2d Cir. 1983), has held that an alien stowaway is entitled to a hearing before an immigration judge to consider his application for asylum, following the denial of that application by a district director. The Second Circuit found that the Refugee Act of 1980 [2] and section

---

[2] Pub. L. No. 96–212, 94 Stat. 102.

273(d) of the Act could be harmonized by reading the asylum regulations to require a hearing for stowaways seeking admission as refugees before an immigration judge, limited to the adjudication of their renewed asylum applications. The court concluded that this result was not inconsistent with section 273(d) of the Act and that it best accommodated congressional intent under the Refugee Act that uniform procedures for asylum applications be established "irrespective of such alien's status." The court's interpretation fails to recognize that Congress has consistently drawn clear distinctions and disparate statutory treatment under the Act between illegal crewmen and stowaways and other aliens in this country, demonstrating its commitment to address and correct the growing serious problem that such stowaways and crewmen present. *See Matter of DiSantillo*, 18 I&N Dec. 407 (BIA 1983). The alien stowaway is not deprived of the opportunity to have his asylum claim considered, but in view of his status under the Act that opportunity is limited. As we do not agree with the court's interpretation, we decline to follow the holding of *Yiu Sing Chun* v. *Sava, supra*, outside of the Second Circuit.

As the decision of the immigration judge was correct in all respects, it will be affirmed. The request for oral argument before the Board is denied.

**ORDER:** The decision of the immigration judge is affirmed.