**Albert M. ESTABILLO, Agnes Estabillo–Ruiz, Petitioners,**

v.

**IMMIGRATION AND NATURALIZATION SERVICE, Respondent.**

No. 00–70532.

I & NS Nos. A27–261–301, A27–259–962.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted Nov. 6, 2001.

Decided April 23, 2002.

**556**

Before THOMPSON, O'SCANNLAIN, and BERZON, Circuit Judges.

MEMORANDUM *

Petitioners Albert M. Estabillo and his wife Agnes Estabillo–Ruiz petition for review of the Board of Immigration Appeals' ("BIA") final order of deportation, finding them excludable from the United States because they did not possess valid immigrant visas and labor certifications following the expiration of their status as parolees. *See* Immigration and Nationality Act ("INA") § 212(a)(5)(A)(i) (labor certification); *id.* § 212(a)(7)(A)(i)(I) (immigrant visa).

We have jurisdiction under 8 U.S.C. § 1105a(a), as amended by section 309(c) of the Illegal Immigration Reform and Immigrant Responsibility Act of 1996 ("IIRIRA"). *See Avetova–Elisseva v. INS,* 213 F.3d 1192, 1195 n. 4 (9th Cir.2000). This case is governed by the transitional rules of IIRIRA. *See Kalaw v. INS,* 133 F.3d 1147, 1150 (9th Cir.1997). We deny the petition for review.

The petitioners were paroled into the United States pursuant to 8 U.S.C. § 1182(d)(5)(A). They resided in the United States for several years, during which time their parolee status periodically expired and was renewed. After approximately six years, the Immigration and Naturalization Service ("INS") notified them that their parole status would no longer be renewed and they would be required to depart the country. The INS subsequently initiated exclusion proceedings against them. The petitioners' case was heard and rejected by an immigration judge, and the BIA dismissed their appeal. They timely petitioned this court for review.

The petitioners raise two arguments. First, they contend that they should have been placed in deportation rather than exclusion proceedings. We disagree. It is well established that aliens who have been paroled into the United States are subject to exclusion proceedings; deportation proceedings are reserved for aliens who have "entered" the United States. *See* 8 U.S.C. § 1182(d)(5)(A); *Rogers v. Quan,* 357 U.S. 193, 195–96, 78 S.Ct. 1076, 2 L.Ed.2d 1252 (1958); *Leng May Ma v. Barber,* 357 U.S. 185, 187, 78 S.Ct. 1072, 2 L.Ed.2d 1246 (1958); *Alvarez–Mendez v. Stock,* 941 F.2d 956, 961 n. 4 (9th Cir.1991); *Siu Fung Luk v. Rosenberg,* 409 F.2d 555, 558 (9th Cir.

* This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as may be provided by Ninth Circuit Rule 36–3.

1969). The petitioners were properly placed in exclusion proceedings.

The petitioners' second argument is that the United States government should be estopped from excluding and deporting them because (1) the INS failed to explain that their stay would be temporary and (2) government officials allegedly made representations which offered them asylum and/or permanent legal resident status.

■ We are not persuaded by this argument. The INS's failure to inform the petitioners of the temporary nature of their parole status does not rise to "affirmative misconduct going beyond mere negligence," a necessary showing to apply estoppel against the government. *See Sulit v. Schiltgen*, 213 F.3d 449, 454 (9th Cir.2000) ("failure to inform an individual of his or her legal rights" does not constitute affirmative misconduct); *Lehman v. United States*, 154 F.3d 1010, 1017 (9th Cir.1998) ("omission to give advice is insufficient conduct to support equitable estoppel against the government").

Nor do the two letters from government officials support the petitioners' estoppel claim. There is no evidence that they saw these letters at any relevant time, or that they relied on any representations in them. *See id,* 154 F.3d at 1016 (estoppel requires that the party detrimentally rely on representation). Any reliance on the letters would be unreasonable in any event, because the letters were not addressed to the petitioners and did not specifically refer to them.

We have carefully reviewed the petitioners' remaining arguments, and we conclude no further discussion is necessary.

REVIEW DENIED.